*In re* RICARDO PACHECO PACHECO.

*Números:* AB-2012-0481   *Resueltos:* 16 de marzo de 2015
AB-2013-0423
AB-2014-0210
TS-10797

*Lourdes I. Quintana Lloréns* y *Manuel E. Ávila de Jesús*, directores de la Oficina de Inspección de Notarías; *Ricardo Pacheco Pacheco, pro se.*

*Odette F. Toro Álvarez*, querellante.

*Luis M. De Jesús Tirado*, querellante.

*Julián A. Parrilla Boria*, abogado de Multiple Mortgage Corporation, querellante; *Manuel E. Ávila de Jesús*, en informe; *Ricardo Pacheco Pacheco, pro se.*

PER CURIAM: Nuevamente nos vemos obligados a ejercer nuestra facultad disciplinaria en contra de un miembro de la profesión legal que ha desplegado repetidamente una conducta temeraria de desatención a nuestras órdenes.

A su vez, aprovechamos para reiterar que, conforme a nuestra autoridad como foro regulador y fiscalizador de la profesión legal, nos corresponde sancionar a aquellos notarios que no ejercen cabal, fiel y prontamente sus deberes como custodios de la fe pública. Asimismo, debemos penalizar a aquellos que asumen voluntariamente la función notarial y pretenden dejar su tarea inconclusa bajo el pre-

texto de falta de Por la inobservancia de los preceptos antes establecidos, decidimos suspender al Lcdo. Ricardo Pacheco Pacheco inmediata e indefinidamente de la abogacía y la notaría.

## I

El licenciado Pacheco Pacheco fue admitido al ejercicio de la abogacía el 4 de enero de 1994 y a la notaría el 22 de febrero del mismo año. A continuación, discutiremos el trámite y resolución de tres quejas que se presentaron en su contra y un informe de la Oficina de Inspección de Notarías (ODIN).

### *TS-10,797*

El 27 de febrero de 2013, ODIN compareció ante este Foro para solicitar que ordenáramos al licenciado Pacheco Pacheco a subsanar varias deficiencias notariales, ya que este no atendió diligentemente sus requerimientos. Mediante una Resolución notificada personalmente el 13 de mayo de 2013, concedimos al licenciado Pacheco Pacheco un término de 30 días para que subsanara su obra notarial "so pena de sanciones".[1]

Casi un año después, el 20 de marzo de 2014, el notario compareció y explicó que durante los últimos 3 años estuvo inmerso en una serie de situaciones personales que le impidieron atender adecuadamente los requerimientos de este Tribunal. En atención a lo anterior, decidimos concederle una segunda y tercera oportunidades para que corrigiera las deficiencias de su obra notarial. Le apercibimos que su incumplimiento con nuestras órdenes podría conllevar su separación del ejercicio de la profesión legal.[2]

Por su parte, ODIN reiteró el incumplimiento del notario y relató que intentó comunicarse con este para coordi-

---

[1] Véase Resolución de 26 de abril de 2013 que obra en el expediente del abogado.

[2] Véanse Resoluciones de 22 de noviembre de 2013 y 28 de febrero de 2014.

nar el proceso de subsanación de su obra notarial y para atender unas quejas que se presentaron en su contra, pero que todos sus intentos resultaron infructuosos. A pesar de que ha transcurrido casi un año desde su última comparecencia, lo cierto es que el licenciado Pacheco Pacheco aún no ha realizado gestión alguna referente a la corrección de las deficiencias señaladas por ODIN.[3]

*AB-2013-0423*

El 11 de octubre de 2013 se presentó la Queja Núm. AB-2013-0423 en contra del licenciado Pacheco Pacheco. Posteriormente, la Subsecretaria de este Tribunal le envió unas cartas requiriéndole su contestación a la queja. A pesar de que enviamos las notificaciones a la dirección que surgía del Registro Único de Abogados y Abogadas (RUA), el Servicio de Correo Postal devolvió tales notificaciones. En vista de ello, decidimos notificar personalmente nuestro requerimiento y, mediante la Resolución emitida el 27 de mayo de 2014, le conferimos un término final de 5 días para que cumpliera con lo ordenado, con la advertencia de que su incumplimiento "podr[ía] conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión".

Para lograr el diligenciamiento personal de la Resolución, los alguaciles de la Oficina del Alguacil del Tribunal Supremo se personaron a la oficina del notario y hablaron con uno de sus compañeros abogados, quien lo llamó en varias ocasiones para informarle la situación. Ante tales gestiones, el licenciado Pacheco Pacheco se comprometió con uno de los alguaciles, vía telefónica, a recoger la Resolución el 6 de junio de 2014.[4] En dicha ocasión, le explicamos la importancia del asunto y la necesidad de que recibiera el documento, a lo que el abogado reiteró su

---

[3] Véase la certificación negativa de ODIN enviada a la Secretaría de este Tribunal el 13 de febrero de 2015.

[4] Véase Informe de Caso AB-2013-423 suscrito el 9 de junio de 2014 por la Oficina del Alguacil del Tribunal Supremo, en el que se acredita el diligenciamiento negativo de la Resolución de 27 de mayo de 2014.

intención de comparecer. A pesar de haber transcurrido más de 9 meses desde que el licenciado Pacheco Pacheco se comunicó con nosotros, este aún no ha gestionado el recibo de nuestra Resolución ni ha contestado la Queja Núm. AB-2013-0423.

### AB-2014-0210

El licenciado Pacheco Pacheco también incumplió con nuestros requerimientos en el trámite de la Queja Núm. AB-2014-210. Luego de intentar contactarle en dos ocasiones a través de su dirección postal para requerir su comparecencia y contestación a la queja, ordenamos la notificación personal con el apercibimiento de que el incumplimiento podría conllevar la suspensión del ejercicio de la profesión legal.[5]

En cumplimiento con lo ordenado, los alguaciles de este Tribunal acudieron a la residencia del licenciado Pacheco Pacheco en dos ocasiones y sus vecinos corroboraron que este aún residía allí. Por tal razón, los alguaciles dejaron unas hojas de aviso en su residencia. Funcionarios de este Tribunal también se personaron a la oficina legal del notario, pero no le consiguieron. Ante la imposibilidad de realizar la entrega personal, nos comunicamos vía telefónica con el licenciado Pacheco Pacheco y con su representante legal, quienes —en múltiples ocasiones— se comprometieron con atender prontamente el diligenciamiento de la Resolución.[6] Sin embargo, hoy todas las promesas de comparecer han sido incumplidas.

### AB-2012-0481

En el 2007, el licenciado Pacheco Pacheco autorizó la Escritura Número 10 de 2007 sobre cancelación de hipo-

---

[5] Véase Resolución de 23 de octubre de 2014 en la que concedimos al licenciado Pacheco Pacheco un término final de 5 días para que contestara la Queja Núm. AB-2014-210.

[6] Véase Informe de Caso AB-2014-0210 suscrito el 22 de enero de 2015 por el Alguacil del Tribunal Supremo, en el que se devuelve como negativo el diligenciamiento personal de la Resolución de 23 de octubre de 2014.

teca (Escritura) y posteriormente procedió a presentarla en el Registro de la Propiedad. El 5 de marzo de 2008, la Registradora de la Propiedad de Aguadilla notificó al licenciado Pacheco Pacheco la existencia de varias faltas que impedían la inscripción de la Escritura, entre ellas, la omisión de la descripción de la finca. Además, le apercibió que el asiento vencería si no se corregía. A pesar de lo anterior, el licenciado Pacheco Pacheco dejó vencer el asiento registral y no informó tal situación a los otorgantes. Luego de solicitar un refinanciamiento del inmueble, los otorgantes descubrieron que la Escritura no fue inscrita en el Registro de la Propiedad, por lo que el inmueble continuaba gravado. Tal situación provocó que el banco le requiriera a los otorgantes una garantía adicional hasta que se produjera la cancelación del pagaré.

Conforme a los hechos expuestos, el 10 de diciembre de 2012 se presentó la Queja Núm. AB-2012-481. En esta se alegó que el licenciado Pacheco Pacheco no proveyó una copia de la Escritura para corregir el defecto, a pesar de que había transcurrido casi un año desde que se le requirió. Por lo anterior, nos solicitaron que ordenáramos al notario que proveyera una copia de la Escritura para que se pudiese preparar un acta de subsanación, corregir el defecto y lograr la cancelación del gravamen.

El 24 de julio de 2013, el letrado compareció y aceptó los hechos consignados en la queja. Explicó que procedió a presentar la Escritura en el Registro de la Propiedad, a pesar de que no había recibido el pago por sus honorarios, aranceles ni gastos para la presentación. También alegó que ya había entregado una copia certificada de la Escritura y que su demora en corregir el defecto se debió a la falta de pago.

El 5 de febrero de 2014, el Director de ODIN presentó un Informe en el que recomendó la imposición de medidas disciplinarias en contra del licenciado Pacheco Pacheco por su "falta de diligencia [...] en subsanar los defectos no-

tificados por la Registradora de la Propiedad [...]".([7]) Mediante una Resolución notificada el 17 de marzo de 2014, concedimos al notario un término de 20 días para que se expresara en torno al Informe y le apercibimos que, de no comparecer, se allanaría a las recomendaciones formuladas en este. El notario aún no ha presentado su oposición al Informe.

## II

A. *Incumplimiento con los requerimientos y órdenes emitidos por este Tribunal*

El Tribunal Supremo de Puerto Rico tiene el poder inherente de regular la profesión y, por ello, nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones responsable, competente y diligentemente.([8]) Con el propósito de mantener la excelencia de la clase togada, hemos enfatizado la obligación que tienen los abogados de cumplir fiel y cabalmente con todos los cánones de ética que rigen nuestra profesión.([9])

Entre las disposiciones de mayor envergadura en nuestro ordenamiento jurídico se encuentra el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, que impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto". La desatención de las órdenes y los requerimientos judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción a este canon.([10]) Por tal motivo, los abogados tienen la obligación inexcusable de

---

([7]) Caso Núm. AB-2012-481, Informe, pág 8.

([8]) *In re Vera Vélez*, 192 DPR 216 (2015).

([9]) *In re Sosa Suárez*, 191 DPR 261 (2014).

([10]) *In re Bryan Picó*, 192 DPR 246 (2015); *In re Pérez Román*, 191 DPR 186 (2014); *In re Martínez Romero*, 188 DPR 511 (2013).

atender y responder pronta y rigurosamente nuestras órdenes y requerimientos, en especial aquellos referentes a la investigación, tramitación y resolución de quejas y procesos disciplinarios.[11] Ello independientemente de los procedimientos iniciados en su contra.[12]

A su vez, los abogados deben responder diligentemente a los requerimientos de ODIN y del Procurador General, puesto que esa inobservancia acarrea el mismo efecto que cuando se desatiende una orden emitida por este Foro.[13] En el ejercicio de nuestra autoridad fiscalizadora de la profesión legal y con el propósito de mantener el orden, el respeto y la excelencia que exigimos a la clase togada, hemos decidido que procederá la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de aquellos miembros que no atiendan con diligencia nuestros requerimientos, así como los emitidos por ODIN y la Oficina del Procurador o de la Procuradora General.[14]

Por otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, dispone que todos los abogados tienen "la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único [de Abogados y Abogadas del Tribunal Supremo (RUA) ]". Entre otras cosas, el abogado deberá notificar cualquier cambio en su dirección, teléfono, fax y correo electrónico. El mero incumplimiento de lo anterior también podrá conllevar la imposición de sanciones disciplinarias.[15] No olvidemos que cuando un letrado incumple con su deber de mantener al día su información de contacto, este obstaculiza el ejercicio de nuestra jurisdicción disciplinaria.[16]

---

[11] *In re Bryan Picó*, supra; *In re Vera Vélez*, supra.

[12] *In re Martínez Romero*, supra; *In re Chardón Dubós*, 191 DPR 201 (2014).

[13] *In re Chardón Dubós*, supra.

[14] *In re Martínez Romero*, supra, pág. 515.

[15] *In re Bryan Picó*, supra.

[16] *In re Toro Soto*, 181 DPR 654, 661 (2011).

## B. *Incumplimiento del notario con el principio de la fe pública*

██ Un notario puede arriesgarse —pero no está obligado— a autorizar determinada escritura sin haber recibido previamente sus honorarios arancelarios y no arancelarios.[17] Sin embargo, desde el momento cuando opta por realizar el acto notarial, el notario se obliga a cumplir con todos los requisitos que la fe pública le impone y no podrá dejar su tarea inconclusa bajo el pretexto de falta de pago.[18]

██ En atención a la importancia que la función notarial posee dentro del tráfico de bienes, el notario —como custodio de la fe pública— debe ser en extremo cuidadoso y debe desempeñar su función con esmero, diligencia y estricto celo profesional.[19] Ese celo y cuidado deben desplegarse antes, durante y después de otorgar el instrumento público para asegurar que este no adolece de faltas o defectos que impidan su inscripción registral.[20] Una vez el notario se percate de algún defecto u omisión en la escritura o el Registrador de la Propiedad lo señale, corresponderá al notario observar prontamente los mecanismos que la ley provee para su corrección.[21] En particular, el Art. 63 de la Ley Hipotecaria y del Registro de la Propiedad de 1979 (30 LPRA sec. 2266), explica la responsabilidad del notario por omisiones o defectos en los instrumentos públicos del modo siguiente:

> El notario o funcionario que por su falta cometiere alguna omisión que impida inscribir el acto o contrato, conforme a lo dispuesto en la ley, *subsanará prontamente*, al ser requerido, extendiendo a su costo un nuevo documento, si fuere posible e

---

[17] *In re Feliciano*, 115 DPR 172, 181 (1984).

[18] *In re Feliciano*, supra.

[19] *In re Godinez Morales*, 161 DPR 219, 249 (2004).

[20] Íd.

[21] Íd., págs. 249–250.

indemnizando en todo caso a los interesados de los perjuicios que les ocasion[e] su falta. (Énfasis suplido).

■ Por otro lado, el Canon 19 del Código de Ética Profesional, 4 LPRA Ap. IX, impone al abogado y al notario el deber de *"mantener a su cliente siempre informado* de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado". En conformidad con lo anterior, hemos resuelto que el notario que no atiende los defectos señalados por el Registrador de la Propiedad y no notifica tal situación a su cliente, estará sujeto a la imposición de una medida disciplinaria.[22]

### III

A pesar de las múltiples oportunidades y apercibimientos que le concedimos al licenciado Pacheco Pacheco durante la tramitación de las Quejas AB-2013-0423 y AB-2014-210, y en el procedimiento iniciado por ODIN en el expediente del abogado (TS-10,797), este ha desplegado una conducta temeraria en desatención a nuestra autoridad como foro regulador de la profesión legal. Lo anterior constituye un craso incumplimiento con el Canon 9 del Código de Ética Profesional, *supra*. Además, su omisión de mantener informado a este Tribunal sobre su dirección actual, así como su constante incumplimiento con las promesas de comparecer, provocaron una dilación en la tramitación de los procedimientos iniciados en su contra.

Concluimos también que el licenciado Pacheco Pacheco incumplió su función como custodio de la fe pública. De su contestación a la Queja Núm. AB-2012-481 surge que el notario no atendió prontamente el señalamiento de la Registradora de la Propiedad, dejó vencer el asiento registral y no informó tal situación a los otorgantes. No obstante, justificó su omisión de subsanar las deficiencias señaladas

---

[22] *In re Cardona Vázquez*, 108 DPR 6, 9 (1978).

con el fundamento de que no le pagaron prontamente sus honorarios, aranceles y gastos de presentación. Al igual que hemos resuelto en el pasado, dicho señalamiento es inmeritorio.

■ Es sabido que una vez el notario decide asumir voluntariamente la función notarial, su deber y lealtad dejan de ser exclusivamente hacia el cliente, puesto que se le inviste de un nuevo cargo como custodio de la fe pública. Esta importante tarea dentro del tráfico de bienes le requiere asegurarse de la validez y legalidad de los actos jurídicos que autoriza. A su vez, el notario queda compelido a ejercer diligentemente su función hasta asegurarse que el negocio jurídico que autorizó obtuvo plena eficacia, es decir, hasta cerciorarse de que el instrumento público no posee defectos que impidan su inscripción en el Registro de la Propiedad. Aun cuando reconocemos que el notario no está obligado a otorgar una escritura sin antes recibir el pago de lo acordado, advertimos que una vez este procede a autorizarla estará obligado a cumplir con todos los requisitos que le impone la fe pública.[23] Esto incluye atender y corregir prontamente los defectos señalados por el Registrador de la Propiedad, conforme a lo dispuesto en el Art. 63 de la Ley Hipotecaria de 1979, *supra*.

## IV

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, *se ordena la suspensión inmediata e indefinida del Lcdo. Ricardo Pacheco Pacheco de la práctica de la abogacía y la notaría.*

*El licenciado Pacheco Pacheco deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y les devolverá los expedientes de cualquier caso ya atendido*

---

[23] Véase *In re Feliciano*, supra, pág. 181.

*o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar de su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantenernos informados de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta días, contados a partir de la notificación de la presente Opinión "Per Curiam" y Sentencia.*

*Finalmente, concedemos al licenciado Pacheco Pacheco un término de sesenta días para subsanar las deficiencias arancelarias de su obra notarial y contratar, a su costo, a un notario para corregir las deficiencias señaladas.*

*Se dictará sentencia de conformidad.*

La Juez Asociada Señora Rodríguez Rodríguez no intervino.