*In re* EDWIN L. BELLO RIVERA.

*Número:* TS-8977              *Resuelto:* 6 de abril de 2015

*Geisa M. Marrero Martínez*, en informe; *Pedro C. De Jesús Román, pro se.*

PER CURIAM:

I

El Lcdo. Edwin L. Bello Rivera fue admitido al ejercicio de la abogacía el 1 de julio de 1988 y al de la notaría el 22 de agosto de 1989. El 12 de febrero de 2014, la directora del Programa de Educación Jurídica Continua (Programa), Lcda. Geisa M. Marrero Martínez, en representación de la Junta de Educación Jurídica Continua, compareció ante este Tribunal mediante una moción intitulada *Informe sobre incumplimiento con requisito de educación jurídica continua.* En esta moción se informa que el licenciado Bello Rivera incumplió con los requisitos del referido Programa durante el periodo comprendido entre el 1 de abril de 2007 y el 31 de marzo de 2009. A pesar de las diversas comunicaciones que se le cursaron y de la celebración de una vista informal —en la cual se le otorgó una prórroga para que cumpliera con los requisitos del Programa—, el licenciado Bello Rivera hizo caso omiso.

Así, el 11 de enero de 2013 el Programa envió una comunicación adicional al licenciado Bello Rivera apercibiéndole que la prórroga que se le otorgó había vencido. Esta comunicación se notificó a la dirección del licenciado según registrada en el Registro Único de Abogados y Abogadas (RUA), mas el servicio postal la devolvió, dado que el destinatario ya no se encontraba en esa dirección. Por lo tanto, el Programa procedió a notificarle nuevamente a otra dirección que surgía del RUA. El licenciado Bello Rivera, sin embargo, no contestó. Por todo lo anterior, la directora del

Programa le solicitó a este Tribunal que, dado el reiterado incumplimiento del licenciado Bello Rivera, le concediera a éste un término final para subsanar sus deficiencias respecto al Programa. El 28 de febrero de 2014 este Tribunal emitió una Resolución en la que le concedió al licenciado Bello Rivera un término de 20 días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer al Programa cuando se le requirió.

Posteriormente, este Tribunal pudo comunicarse con el licenciado Bello Rivera y constatar que éste se había trasladado a la Florida. En consecuencia, se procedió a enviarle copia de la Resolución por correo electrónico y hacer las gestiones pertinentes para que se le notificara adecuadamente lo dispuesto por este Tribunal. Según surge del expediente, al día de hoy el licenciado Bello Rivera no ha comparecido ante este Tribunal y ha desatendido nuestros requerimientos.

## II

El Programa de Educación Jurídica Continua constituye, ante todo, una medida preventiva, que además busca estimular el desarrollo profesional de la clase togada y, a la vez, velar por que ésta actualice sus conocimientos en distintas áreas del Derecho. Por tal razón, "[e]l Reglamento del Programa de Educación Jurídica Continua establece que todo profesional del Derecho admitido al ejercicio de la abogacía y la notaría en Puerto Rico tiene el deber de cumplir los requisitos de educación jurídica continua, a menos que esté exento según las disposiciones de la Regla 4 de dicho Reglamento [...]". *In re Grau Collazo*, 185 DPR 938, 943 (2012). Véase Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XVII-E, R. 4; *In re Camacho Hernández*, 188 DPR 739, 742 (2013).

■ Después de todo, "[e]l Canon 2 del Código de Ética Profesional dispone que los abogados tienen el deber de 'mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional' con el 'fin de viabilizar el objetivo de representación legal adecuada para toda persona' ". *In re Rivera Trani*, 188 DPR 454, 458–459 (2013). Véase Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX. En consecuencia, incumplir reiteradamente con los requisitos que impone el Programa será razón suficiente para que este Tribunal ejerza su poder disciplinario. *In re Rivera Trani*, supra, pág. 459–460; *In re Grau Collazo*, supra; *In re Ramírez Ferrer*, 183 DPR 382 (2011); *Galarza Rodríguez, Ex parte*, 183 DPR 228 (2011).

### III

■ Por otra parte, en virtud de lo dispuesto en la Regla 9(j) de este Tribunal, 4 LPRA Ap. XXI-B, las personas admitidas al ejercicio de la abogacía en nuestra jurisdicción tienen el deber indefectible de informar cualquier cambio en su dirección postal o física para que se haga constar en el RUA. *In re Toro Soto*, 181 DPR 654 (2011); *In re Grau Collazo*, supra, pág. 944; Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico *supra*. "Cabe mencionar que nuestro énfasis en la importancia de que todo abogado mantenga al Tribunal al tanto de sus direcciones y de su información personal no es [nuevo]. En reiteradas ocasiones hemos señalado la gravedad que conlleva no notificar de manera inmediata a la Secretaría de este Tribunal cualquier cambio ocurrido". *In re Camacho Hernández*, supra, pág. 743.

## IV

■   Por último, es preciso destacar que, en lo pertinente, el Canon 9 del Código de Ética Profesional dispone que "[e]l abogado debe observar con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. Así, "[l]a naturaleza de la función del abogado requiere de éste una escrupulosa atención y obediencia a las órdenes que emiten los tribunales". *In re Dávila Toro*, 179 DPR 833, 840 (2010). "La indiferencia de un abogado al no atender nuestras órdenes [...] en casos disciplinarios, acarrea la imposición de severas sanciones disciplinarias". *In re Meléndez González*, 166 DPR 196, 198 (2005). Véanse, también: *In re Arroyo Rivera*, 161 DPR 567 (2004); *In re Torres Torregrosa*, 161 DPR 66 (2004); *In re Fernández Pacheco*, 152 DPR 531 (2000); *In re Corujo Collazo*, 149 DPR 857 (1999); *In re Ron Menéndez*, 149 DPR 105 (1999); *In re Rivera Rodríguez*, 147 DPR 917 (1999). Esto es, "[d]esatender las órdenes dictadas constituye una grave ofensa a la autoridad del tribunal en clara violación al mandato expreso del Canon 9". *In re Dávila Toro*, supra, pág. 840. "Un abogado puede ser suspendido del ejercicio de la profesión cuando no atiende con diligencia y premura los requerimientos de este Tribunal". *In re Aponte Sánchez*, 178 DPR 647, 649 (2010).

Más aún, dicho deber de diligencia y respeto no solo se extiende a los tribunales propiamente, sino que ha de ser cabalmente observado en los tratos con sus funcionarios. Este deber también se extiende a las agencias administrativas y entidades, tales como la Oficina de Inspección de Notarías. Véase, por ejemplo, *In re Piñeiro Vega*, 188 DPR 77, 91 (2013). En otras ocasiones hemos disciplinado a abogados que han desatendido los requerimientos hechos por la Junta de Educación Jurídica Continua. *In re Luis Paisán*, 190 DPR 1, 7 (2014).

## V

En el caso ante nuestra consideración, el licenciado Bello Rivera ha hecho caso omiso a los requerimientos que le hiciera la Junta de Educación Jurídica Continua a través de su Directora, así como a nuestra Resolución de 28 de febrero de 2014. Asimismo, durante el proceso de notificación de los referidos requerimientos y la resolución, nos enteramos de que este abogado ha incumplido con el deber de mantener su información personal actualizada en RUA.

En vista de lo anterior, *se suspende inmediata e indefinidamente al licenciado Bello Rivera del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión "per curiam" y sentencia. Finalmente, el alguacil de este Tribunal deberá incautar la obra y el sello notarial del abogado suspendido y entregarlos al director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.*

*Se dictará sentencia de conformidad.*