per curiam:
Hoy nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío.
I
El Ledo. Fran Javier Pérez Galarza (licenciado Pérez Galarza) fue admitido al ejercicio de la abogacía el 30 de enero de 2001 y a la notaría el 9 de marzo de 2001. Contra el licenciado Pérez Galarza se han presentado siete Quejas, las que consolidamos y procedemos a resumir.

Queja AB-2011-338

La Queja AB-2011-338 fue instada por las señoras Raquel Pacheco Medina y Saturnina Medina Maldonado el 11 de octubre de 2011.(1) Alegaron que habían contratado los servicios del licenciado Pérez Galarza por lo que le pagaron la suma de cuatro mil quinientos dólares ($4,500). Además, indicaron que le entregaron la cantidad de dos mil siete dólares con noventa y cuatro centavos ($2,007.94) para consignarlos en el Tribunal. No obstante, este lo depositó en su cuenta de banco. Posteriormente, también indicaron que un intermediario del licenciado Pérez Galarza les ofreció veinte mil dólares ($20,000) a cambio del retiro de la queja.
El licenciado Pérez Galarza contestó la Queja y, entonces, esta fue referida al Procurador General para la correspondiente investigación e informe el 28 de noviembre de 2011.
Tras dos comunicaciones de la Oficina del Procurador General, que requerían al licenciado Pérez Galarza infor *151 mación sobre las alegaciones presentadas, el 17 de octubre de 2012 esta solicitó auxilio de este Tribunal para que el letrado contestara sus requerimientos. Así las cosas, le concedimos al licenciado Pérez Galarza un término de diez (10) días para responder a los requerimientos cursados por la Oficina del Procurador General y para exponer las razones por las cuales no debía ser disciplinado por no comparecer a responder tales requerimientos. Le apercibimos que su incumplimiento podría conllevar sanciones disciplinarias severas, incluso la suspensión del ejercicio de la abogacía. Esta resolución se le notificó personalmente el 27 de noviembre de 2012.
El licenciado Pérez Galarza compareció ante la Oficina del Procurador General y este Tribunal. No obstante, mediante Informe Preliminar, la Oficina de la Procuradora General nos informó que los requerimientos no habían sido contestados de forma satisfactoria, principalmente aquellos relacionados al cobro de honorarios de abogado. Por ello, nuevamente le concedimos al licenciado Pérez Galarza un término de diez (10) días para que respondiera a los requerimientos especificados en el Informe y nos explicara las razones para su incumplimiento.
Una vez más, la Procuradora General recurrió ante nos e indicó que el letrado había quedado en someter una declaración jurada para justificar los honorarios de abogado por los servicios rendidos. A pesar de que la Oficina de la Procuradora General le extendió el plazo concedido en dos ocasiones, todavía el licenciado Pérez Galarza no había cumplido. Por ello, el 27 de mayo de 2014, este tribunal le concedió al letrado un término de veinte (20) días para expresarse sobre el Informe presentado, de lo contrario se entendería que se allanaba a las recomendaciones formuladas por la Procuradora General.
El letrado compareció ante nos el 24 de junio de 2014 y solicitó, entre otras cosas, hasta el 10 de julio de 2014 para presentar su contestación final y se comprometió a devol *152 ver la totalidad de los honorarios a la querellante antes de esa fecha. Nuevamente, le concedimos un término de diez (10) días para presentar la declaración jurada requerida por la Procuradora General o, en su defecto, pagar los honorarios señalados en el Informe y evidenciar inmediatamente su cumplimiento. No obstante, la Procuradora General nos informó el 1 de abril de 2015 que hasta la fecha el licenciado Pérez Galarza no le había notificado el cumplimiento de nuestra orden.

Queja AB-2012-0406

La Queja Núm. AB-2012-0406 fue instada por la Sra. Ana L. Muñiz (señora Muñiz) el 22 de octubre de 2012. De la misma surge que la señora Muñiz contactó al licenciado Pérez Galarza a fin de contratar sus servicios profesionales para ciertos trámites legales. Esta planteó que le pagó ochocientos dólares ($800) para dichos trámites. No obstante, al día siguiente se comunicó con el licenciado para indicarle que sus servicios profesionales no serían necesarios. Alegó que nuevamente se reunió con él, esta vez junto a su hijo, y que el letrado le aseguró que le devolvería el dinero pagado. Ante el incumplimiento del licenciado, la señora Muñiz presentó una Queja en su contra en este Foro.
Así las cosas, el 26 de noviembre del 2012, la Subsecretaría de este Tribunal le remitió copia de la Queja al licenciado Pérez Galarza para que emitiera su contestación. La comunicación fue remitida por correo certificado con acuse de recibo.
Ante la incomparecencia del licenciado Pérez Galarza, el 8 de marzo de 2013 se le envió nuevamente una misiva requiriendo que contestara la Queja instada. El licenciado tampoco contestó esta comunicación. Es por ello que se nos remitió el asunto y mediante Resolución de 24 de junio de 2013 le concedimos al letrado un término final de cinco (5) días para que presentara su contestación. Le apercibimos que el incumplimiento con lo ordenado conllevaría sancio *153 nes disciplinarias, incluso la suspensión del ejercicio de la profesión. Dicha Resolución fue notificada personalmente al licenciado Pérez Galarza.
El 19 de julio de 2013, el licenciado Pérez Galarza contestó la Queja de autos. Peticionó que desestimáramos la Queja y aseguró que los honorarios cobrados le serían devueltos a la señora Muñiz.
Durante el trámite de investigación de la Queja ante la Oficina de la Procuradora General se le remitieron dos (2) comunicaciones al licenciado Pérez Galarza requiriendo cierta información. El licenciado Pérez Galarza hizo caso omiso a dichos requerimientos por lo que la Procuradora General nos peticionó le concediéramos término para presentar su Informe.
No obstante, y aunque no pudo conseguir la información, la Procuradora General emitió su Informe. En este nos solicitó que le requiriéramos al licenciado Pérez Galarza que le devolviera los honorarios a la señora Muñiz.
El 25 de septiembre de 2014 emitimos una Resolución en la cual concedimos un término de veinte (20) días al licenciado Pérez Galarza para que se expresara con relación al Informe de la Procuradora General. Le señalamos que de no contestar dicho Informe, se entendería que se allanaba a lo peticionado por la Procuradora General.
Ante la incomparecencia del licenciado Pérez Galarza, el 13 de marzo de 2015 emitimos una nueva Resolución en la cual le concedimos un término final para que devolviera los honorarios adeudados. Le apercibimos que su incumplimiento conllevaría la imposición de sanciones. De igual forma, le requerimos a la Procuradora General que nos informara de inmediato el cumplimiento o incumplimiento del licenciado Pérez Galarza con nuestra orden. Esta Resolución fue notificada personalmente al licenciado Pérez Galarza.
Así las cosas, el 7 de abril de 2015, la Procuradora General presentó una Moción en Cumplimiento de Orden me *154 diante la que nos informó que el licenciado Pérez Galarza no había cumplido con lo ordenado.

Queja AB-2013-0443

La Queja AB-2013-443 fue presentada por el Sr. Miguel A. Claudio Santana el 28 de octubre de 2013. El señor Claudio Santana sostiene que contrató al licenciado Pérez Galarza para que trabajara los trámites de una herencia, pero que, transcurridos cinco años y tras haber pagado por los servicios, no se han producido resultados. Por ello, no ha podido completar la compra de una propiedad de la Sucesión.
Tras dos comunicaciones de la Subsecretaría del Tribunal para conceder al licenciado Pérez Galarza un término para contestar, mediante Resolución de 27 de marzo de 2014 le concedimos un término final de cinco (5) días para comparecer y contestar la queja presentada en su contra. El 10 de abril de 2014, el letrado presentó contestación a la Queja en la que indicó que se trataba de un caso de herencia sumamente complicado y solicitó un término de noventa (90) días para resolver las controversias de este caso. Nuevamente compareció ante nos el 7 de agosto de 2014 mediante “Contestación Complementaria a Queja y Solicitud de Desestimación”.
El 9 de septiembre de 2014 referimos este asunto a la Oficina de Inspección de Notarías (ODIN). Mediante Informe de 7 de octubre de 2014, ODIN nos indicó que el licenciado Pérez Galarza autorizó la Escritura Pública Núm. 43 en la que se encontraban presentes las acciones de partición y adjudicación de herencia sobre un bien inmueble sin contar con la comparecencia de todos los herederos. De igual forma, indica que el letrado otorgó fe y autenticidad sobre hechos que no estaban conformes a las leyes aplicables. Por lo tanto, peticionó censurar enérgicamente al letrado, así como ordenarle que complete, a sus expensas, todos los procedimientos relacionados con la Escritura Núm. 43 autorizada.
*155 El 5 de noviembre de 2014 concedimos un término de veinte (20) días al licenciado Pérez Galarza para que se expresara en torno al Informe de la ODIN. Le apercibimos que de no presentar contestación al Informe se entendería que se allanaba a las recomendaciones formuladas en dicho Informe. El 13 de marzo de 2015 nuevamente concedimos al licenciado Pérez Galarza un término de sesenta (60) días para que a sus expensas completara todos los procedimientos relacionados con la Escritura Número 43 autorizada. No obstante, el licenciado Pérez Galarza no ha comparecido para informar sobre las gestiones realizadas.

Queja AB-2014-0031

El 3 de febrero de 2014, el Sr. Luis E. Huertas Pérez y la Sra. Sonia L. Pérez Vallellanes presentaron la Queja AB-2014-31 con relación al incumplimiento de un contrato por parte del licenciado Pérez Galarza. Así las cosas, el 3 de marzo de 2014, le ordenamos al licenciado Pérez Galarza que emitiera su contestación. Ante su incomparecencia, reiteramos nuestro petitorio para que respondiera en un término de diez (10) días. No obstante, todavía el licenciado Pérez Galarza no ha comparecido.

Queja AB-2014-0096

La Sra. América Rodríguez Dávila presentó la Queja AB-2014-0096 contra el licenciado Pérez Galarza el 18 de marzo de 2014. Indicó que contrató los servicios del letrado para representarla en una vista ante la Autoridad de Energía Eléctrica (AEE). Sostuvo que acordaron la cantidad de novecientos dólares ($900) en concepto de honorarios de abogado; suma que pagó en su totalidad.
La señora Rodríguez Dávila indicó que tras la negociación del licenciado Pérez Galarza y la AEE, se acordó que esta pagaría cuatro mil dólares ($4,000) a la AEE: dos mil dólares ($2,000) de pronto y dos mil dólares ($2,000) en plazos. Así las cosas, el 1 de noviembre de 2013, le entregó al licenciado Pérez Galarza la cantidad de dos mil dólares *156 ($2,000), pero este no cumplió con el pago ni contesta sus llamadas.
Tras dos comunicaciones de la Subsecretaría del Tribunal concediéndole al licenciado Pérez Galarza que contestara la Queja presentada, le otorgamos al letrado un término final de cinco (5) días para comparecer y contestar la queja presentada en su contra. Esta Resolución fue notificada personalmente. Sin embargo, el licenciado Pérez Galarza no ha comparecido.

Queja AB-2014-0410

La Queja Núm. AB-2014-0410 fue presentada por el Sr. Frank Ortiz Viera el 21 de octubre de 2014. En ella, indica que el licenciado Pérez Galarza fue contratado para la redacción de una escritura de compraventa en junio de 2013 y que los honorarios por sus servicios fueron pagados. Sin embargo, señala que el letrado retuvo dos mil dólares ($2,000) en caso de que hubiese alguna deuda de contribuciones sobre la propiedad y que no los ha devuelto al señor Ortiz Viera o pagado al Centro de Recaudación de Impuestos Municipales (CRIM).
Presentada la Queja, el 21 de noviembre de 2014, le ordenamos al licenciado Pérez Galarza que contestara. Al no recibir contestación, el 19 de diciembre de 2014, le otorgamos al letrado un nuevo término de diez (10) días para contestar. Nuevamente, el licenciado Pérez Galarza no ha comparecido.

Queja AB-2015-111

La Queja Núm. AB-2015-111 fue presentada por el Sr. Alejandro Ortiz Rosa (señor Ortiz Rosa) el 24 de marzo de 2015. En ella, indicó que contrató al licenciado Pérez Galarza el 29 de abril de 2005 con relación a la herencia de su padre. Para ello, le ha pagado $9,200 durante los pasados diez (10) años. No obstante, indica que la falta de diligencia del letrado ha conllevado roces familiares y solicita que le devuelva los honorarios pagados.
*157 El 10 de abril de 2015, ordenamos al licenciado Pérez Galarza que presentara su contestación a la Queja en el término de diez (10) días. Este término se ha cumplido y el licenciado Pérez Galarza no ha comparecido ante este Tribunal.
II
El Canon 9 del Código de Ética Profesional, 4 LPRAAp. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. In re Bello Rivera, 192 DPR 812 (2015); In re Pacheco Pacheco, 192 DPR 553 (2015).
Además, reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. In re Bello Rivera, supra; In re De Jesús Román, 192 DPR 799 (2015). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias.
El deber de diligencia y respeto se extiende a los requerimientos de la Oficina de Inspección de Notarías y de la Procuradora General, pues su inobservancia acarrea las mismas sanciones que cuando se desatiende una orden emitida por este Tribunal. In re Pacheco Pacheco, supra; In re Irizarry Irizarry, 190 DPR 368 (2014).
Aun cuando hemos apercibido al licenciado Pérez Galarza en repetidas ocasiones que se le podrían imponer sanciones disciplinarias severas de no responder oportunamente a los requerimientos de la Oficina de la Procuradora *158 General, de la Oficina de Inspección de Notarías y de este Tribunal, este ha hecho caso omiso. El expediente del licenciado Pérez Galarza refleja un patrón de desidia y desinterés de su parte en cuanto al proceso disciplinario que se inició en su contra.
III
Por los fundamentos antes expuestos, se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Pérez Galarza. El licenciado Pérez Galarza se ha comprometido a devolver la totalidad de los honorarios cobrados a la Sra. Raquel Pacheco Medina, por lo que le ordenamos reembolsarle los honorarios señalados en el Informe de la Procuradora General a la señora Pacheco Medina. De igual forma, se le ordena devolver la cantidad de ochocientos dólares ($800) a la Sra. Ana L. Muñiz en conformidad con nuestra Resolución de 13 de marzo de 2015.

Asimismo, se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión “per curiam” y Sentencia.

Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Pérez Galarza y entregarla a la Oficina del Director de Inspección de Notarías para la correspondiente investigación e informe. Se le apercibe que la presente acción disciplinaria no lo exime de tener que corregir, de forma inmediata y a sus expensas, los procedimientos relacionados con la Escritura Núm. 43 autorizada en la Queja AB-2013-443, según señalado por la 
*159
ODIN. Dicha obligación subsiste y su desatención lo expone al correspondiente procedimiento de desacato.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.
(.Fdo.) Aida Ileana Oquendo Graulau

Secretaria del Tribunal Supremo

 La Sra. Saturnina Medina Maldonado falleció el 26 de abril de 2012.