EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Luis R. Pastrana Silva | 2016 TSPR 80 <br><br> 195 DPR ____ |

Número del Caso: TS-8,566


Fecha: 14 de abril de 2016


Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús
      Director


Materia: Conducta Profesional – La suspensión será efectiva el 3 de mayo de 2016, fecha en que se le notificó por correo al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Luis R. Pastrana Silva

TS - 8,566

*PER CURIAM*

En San Juan, Puerto Rico, a 14 de abril de 2016.

I

El Lcdo. Luis R. Pastrana Silva (licenciado Pastrana Silva) fue admitido al ejercicio de la abogacía el 15 de enero de 1987 y prestó juramento como notario el 21 de abril de 1988. Su obra notarial se encuentra aprobada hasta el 1992 y su Libro de Registro de Testimonios hasta el 1994.

El 2 de julio de 2015, el Director de la Oficina de Inspección de Notarías (ODIN), Lcdo. Manuel E. Ávila De Jesús, compareció ante nos e informó que el licenciado Pastrana Silva adeudaba noventa y siete (97) índices de actividad notarial mensual, así como los informes estadísticos de actividad notarial anual desde el año natural 2000. Tampoco consta en su expediente evidencia de pago de la fianza notarial. Por ello, le envió comunicaciones mediante correo certificado con acuse de

recibo a las direcciones que constaban en el Registro Único de Abogados y Abogadas (RUA).[1] No obstante, estas fueron devueltas por el sistema de correo federal. Por ello, el Director de la ODIN nos solicitó que ordenáramos tanto su suspensión inmediata e indefinida del ejercicio de la notaría, como la incautación de la obra y sello notarial que se encuentra bajo la custodia del notario, entre otras peticiones.

El 7 de agosto de 2015, le concedimos al licenciado Pastrana Silva un término de veinte (20) días para que se expresara sobre la solicitud de la ODIN. Ante su incomparecencia, el 14 de septiembre de 2015 le otorgamos un término final de diez (10) días para que diera cumplimiento a nuestra resolución de 7 de agosto de 2015. Finalmente, el 29 de enero de 2016 ordenamos la incautación preventiva e inmediata de su obra protocolar y el sello notarial; le otorgamos un término de diez (10) días para que compareciera para mostrar causa por la cual no debía ser suspendido indefinidamente del ejercicio de la abogacía y la notaría. Además se le apercibió que de no cumplir con nuestra orden se le suspendería del ejercicio de la profesión de manera inmediata.

Así las cosas, el jueves 4 de febrero de 2016 y el lunes 29 de febrero de 2016, dos alguaciles de este Tribunal acudieron a la oficina y a la residencia del

---

[1] La primera misiva enviada por la ODIN fue el 29 de mayo de 2015. La segunda comunicación fue enviada a la dirección residencial del notario el 16 de junio de 2015.

licenciado Pastrana Silva, conforme a las direcciones provistas por el letrado y que constan en su expediente personal. No obstante, "[a]l visitar el local pudieron comprobar que la oficina del licenciado ya no se encuentra allí; en su lugar hay una gomera y una cafetería donde no tenían conocimiento del paradero del letrado". Oficina de Alguaciles, Informe, Caso Núm. TS-8,566 de 4 de marzo de 2016. Asimismo, "corroboraron que el abogado ya no reside en esta dirección [y] procedieron a dejar una hoja de aviso con los números de contacto del Tribunal Supremo, con la ama de llaves de los dueños actuales de la residencia, para que en caso de tener alguna información sobre el Lcdo. Pastrana Silva, se comuniquen a nuestra oficina".

## II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que los abogados y las abogadas deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto". Así, hemos señalado en repetidas ocasiones que desatender las órdenes de este Tribunal demuestra menosprecio hacia nuestra autoridad e infringe el Canon 9, *supra. In re Martínez Romero,* 188 DPR 511 (2013). Por lo tanto, deben responder de forma diligente y oportuna a nuestras órdenes y requerimientos, así como a los de la ODIN y los de la Oficina del Procurador General. *In re Pacheco Pacheco*, 192 DPR 553 (2015); *In re Pestaña Segovia*, 192 DPR 485 (2015); *In re Martínez Romero,* supra. A su vez, hemos advertido que procede la suspensión inmediata del

ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos. *In re Ortiz Walter*, res. el 12 de febrero de 2016, 194 DPR ___ (2016); 2016 TSPR 26.

Asimismo, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, impone a los abogados la obligación de mantener actualizados sus datos personales en el RUA. Su incumplimiento obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y también es suficiente para decretar su separación indefinida de la profesión. *In re Tirado Saltares*, res. el 10 de diciembre de 2015, 194 DPR ___ (2015); 2016 TSPR 177; *In re Arroyo Acosta*, res. el 9 de abril de 2015, 192 DPR ___ (2015), 2015 TSPR 50.

III

En vista de que el licenciado Pastrana Silva ha hecho caso omiso a nuestras órdenes en ocasiones reiteradas y ha incumplido con su deber de informarnos los cambios de sus datos personales, procede suspenderlo inmediata e indefinidamente del ejercicio de la abogacía y de la notaría.

IV

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía y de la notaría al Lcdo. Luis R. Pastrana Silva. Se le impone el deber de entregar de manera inmediata su obra y sello notarial so pena de ser expuesto al

correspondiente procedimiento de desacato. También se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Lcdo. Luis R. Pastrana Silva, y entregarlos al Director de la ODIN para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia, así como por correo certificado con acuse de recibo a las últimas direcciones conocidas del licenciado Pastrana Silva.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. Luis R. Pastrana Silva

TS – 8,566

SENTENCIA

En San Juan, Puerto Rico, a 14 de abril de 2016.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía y de la notaría al Lcdo. Luis R. Pastrana Silva. Se le impone el deber de entregar de manera inmediata su obra y sello notarial so pena de ser expuesto al correspondiente procedimiento de desacato. También se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y sentencia.

El Alguacil de este Tribunal deberá incautar la obra y el sello notarial del Lcdo. Luis R. Pastrana Silva, y entregarlos al Director de la ODIN para el correspondiente examen e informe a este Tribunal.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia, así como por correo certificado con acuse de recibo a las últimas direcciones conocidas del licenciado Pastrana Silva.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo