EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Anabely Baretty Torres | 2016 TSPR 137 195 DPR ____ |

Número del Caso: TS-12,920

Fecha: 19 de mayo de 2016

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila de Jesús
      Director

Materia: La suspensión será efectiva el 27 de junio de 2016, fecha en que se le notificó por correo a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Anabely Baretty Torres          TS-12920

*PER CURIAM*

En San Juan, Puerto Rico, a 19 de mayo de 2016.

Una vez más nos vemos precisados a ejercer nuestra facultad disciplinaria contra un integrante de la clase togada por incumplir con los requisitos y requerimientos de la Oficina de Inspección de Notarías (ODIN) y por desatender las Órdenes de este Tribunal. Por los fundamentos que enunciamos a continuación, se ordena la suspensión inmediata e indefinida de la Lcda. Anabely Baretty Torres (licenciada Baretty Torres) del ejercicio de la abogacía. Veamos los antecedentes fácticos que sostienen nuestro dictamen.

I

La licenciada Baretty Torres fue admitida al ejercicio de la abogacía el 25 de enero de 2000. Asimismo, el 2 de marzo de 2000 prestó juramento para ejercer el notariado en nuestra jurisdicción.

El 12 de mayo de 2015, el Director de la ODIN, Lcdo. Manuel E. Ávila de Jesús, nos remitió un *Informe Especial*.

En dicho escrito nos informó que el 10 de diciembre de 2014 y reenviada el 9 de enero de 2015, le remitió una comunicación a la licenciada Baretty Torres expresándole que adeudaba a la ODIN un total de 16 Índices de Actividad Notarial correspondientes a los meses de diciembre de 2012; enero a marzo, junio a agosto, noviembre y diciembre de 2013; y abril a octubre de 2014. A su vez, se le indicó que no había presentado los Informes Estadísticos de Actividad Notarial Anual para los años 2012 y 2013.[1]

De la misiva se desprende los esfuerzos realizados por la ODIN para que la licenciada Baretty Torres cumpliera con sus responsabilidades. Así el 24 de marzo de 2015, la Unidad de Informes Notariales de la ODIN le cursó una comunicación vía correo electrónico a la licenciada Baretty Torres. En dicha comunicación se le señaló a la licenciada Baretty Torres que se había tratado de conseguir mediante llamada telefónica sin resultados positivos. Se le señaló su incumplimiento con la presentación de Índices de Actividad Notarial Mensual, y se le notificó que adeudaba, además, aquellos que debieron haberse presentado en noviembre y diciembre de 2014; así como enero y febrero de 2015. Se le informó, además, que debía el Informe de Actividad Notarial Anual para el año 2014. La licenciada Baretty Torres no contestó este

---

[1] Nos indica el Lcdo. Manuel E. Ávila De Jesús que la carta fue notificada originalmente a una dirección que obraba en el Registro Único de Abogados y Abogadas (RUA). No obstante, la ODIN confirmó que la dirección oficial de la notaria es en Tampa, Florida, por lo que reenvió la comunicación nuevamente. La primera comunicación enviada fue deuelta por el Sistema Federal de Correo Postal como "No Reclamada" ("Unclaimed").

requerimiento.

Por su parte, la Unidad de Asuntos No Contenciosos de la ODIN le informó al Director de la ODIN que no surgía de los archivos que la licenciada Baretty Torres tuviera vigente la Fianza Notarial requerida por ley. La última confirmación de pago de la letrada con dicha obligación se relaciona a la Fianza Notarial prestada para el periodo de 7 de febrero de 2013 a 7 de febrero de 2014, la cual había sido cancelada por la compañía Universal Insurance, Co., conforme surgía de una comunicación de 7 de febrero de 2014.

En la misiva cursada a la licenciada Baretty Torres se desprende que la ODIN la orientó sobre la gravedad de la conducta desplegada así como las consecuencias disciplinarias que acarreaba tal incumplimiento. La ODIN le concedió un último término a la licenciada Baretty Torres para rendir los documentos adeudados. La carta finalizaba con la advertencia de que la ODIN podría acudir a este Tribunal en caso de incumplimiento. La correspondencia fue recibida por la licenciada Baretty Torres el 13 de enero de 2015 en Tampa, Florida.

Así las cosas, y referido el asunto a nuestra atención, el 29 de mayo de 2015 emitimos una Resolución en la cual le concedimos un término de veinte (20) días a la licenciada Baretty Torres para que se expresara sobre el *Informe Especial*. En esta le apercibimos a la licenciada Baretty Torres que su incumplimiento con los términos de

la Resolución conllevaría sanciones severas, incluyendo su suspensión inmediata del ejercicio de la abogacía. Ese término venció sin que la letrada compareciera. Así las cosas, el 28 de julio de 2015 compareció nuevamente el Director de la ODIN, esta vez para notificar el incumplimiento de la notaria con nuestra Resolución de 29 de mayo de 2015. Por ello, le concedimos a la licenciada Baretty Torres un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía. No obstante, la licenciada Baretty Torres no ha comparecido.

Pasemos a exponer la normativa aplicable a esta relación de hechos.

II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. *In re Bello Rivera*, 192 DPR 812 (2015)*; In re Pacheco Pacheco,* 192 DPR 553 (2015).

Además, reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. *In re Bello Rivera*, supra*; In re De Jesús Román,* 192 DPR 799

(2015). Asimismo, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimiento de imponerle sanciones disciplinarias. "Idéntica consecuencia supone el incumplir con los requerimientos de entidades a las cuales le hemos delegado alguna función en las tareas de regular el ejercicio de la profesión, como lo son la Oficina de la Procuradora General, la Oficina de Inspección de Notarías y la Junta del P[rograma de] E[ducación] J[urídica] C[ontínua]". *In re Ezratty Samo,* 2016 TSPR 19, 194 DPR ___ (2016). Por ello, ignorar los requerimientos de estas entidades constituye por sí mismo una falta ética que conlleva la imposición de sanciones disciplinarias severas. *Íd.*

Asimismo, la práctica de la notaría requiere el mayor celo en el cumplimiento de los deberes que le impone la ley y el ordenamiento ético. Por lo tanto, un notario no puede cruzarse de brazos ante los señalamientos y requerimientos de la ODIN.

Por otra parte, la Regla 9 (j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, dispone que todos los abogados tienen "la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único [de Abogados y Abogadas (RUA)]". Entre otras cosas, el incumplimiento con este deber obstaculiza el ejercicio de nuestra jurisdicción

disciplinaria. Por lo tanto, el mero incumplimiento de lo anterior también podrá conllevar la imposición de sanciones disciplinarias. *In re Ezratty Samo,* supra; *In re Sitiriche Torres*, 192 DPR 777 (2015).

III

Según relatáramos, la licenciada Baretty Torres no ha cumplido con los requisitos del ejercicio de la Notaría ni con nuestros requerimientos. Aun cuando se le apercibió a la licenciada Baretty Torres de que podrían imponérsele sanciones disciplinarias severas de no responder oportunamente a nuestros requerimientos, esta ha hecho caso omiso. Tampoco ha actualizado su dirección postal y física en la base de datos del RUA, conforme lo exige la Regla 9(j) del Reglamento de este Tribunal.

La actitud de indiferencia y despreocupación de la licenciada Baretty Torres ante sus obligaciones y más aún ante los requerimientos de la ODIN y de este Tribunal es totalmente inaceptable. Su proceder es uno de dejadez y menosprecio hacia la autoridad de esta Curia y esa conducta es incompatible con el ejercicio de la profesión.

Así, en vista del craso incumplimiento de la letrada con los requisitos que impone la Ley Notarial y las Órdenes de este Tribunal decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía. En consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios

recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá gestionar la incautación de la obra y el sello notarial de la licenciada Baretty Torres y entregarla a la Oficina del Director de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Anabely Baretty Torres                TS-12920

SENTENCIA

En San Juan, Puerto Rico, a 19 de mayo de 2016.

Por los fundamentos antes expuestos se suspende inmediata e indefinida del ejercicio de la abogacía a la licenciada Anabely Baretty Torres. En consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos y devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Asimismo, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por último, el Alguacil de este Tribunal deberá gestionar la incautación de la obra y el sello notarial de la licenciada Baretty Torres y entregarla a la Oficina del Director de Inspección de Notarías para la correspondiente investigación e informe.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Rivera García no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo