EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re: <br><br> Rigoberto Santiago Calderón | 2016 TSPR 82 <br><br> 195 DPR ____ |

Número del Caso: TS-9,155


Fecha: 29 de abril de 2016


Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila De Jesús
      Director


Materia: Conducta Profesional – La suspensión de la abogacía será efectiva el 5 de mayo de 2016, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rigoberto Santiago Calderón               TS-9,155

PER CURIAM

San Juan, Puerto Rico, a 29 de abril de 2016.

Nos corresponde ejercer una vez más nuestro poder disciplinario y ordenar la suspensión inmediata e indefinida de un miembro de la profesión jurídica por incumplir con las órdenes de este Tribunal y no mantener actualizados sus datos personales en el Registro Único de Abogados y Abogadas del Tribunal Supremo (RÚA).

A tales fines, procedemos a delimitar los hechos que nos mueven a imponer medidas disciplinarias al abogado de epígrafe.

I

El Lcdo. Rigoberto Santiago Calderón (licenciado Santiago Calderón) fue admitido al ejercicio de la abogacía el 20 de enero de 1989.[1]

El 24 de septiembre de 2015, el Lcdo. Manuel E. Ávila De Jesús, Director de la Oficina de Inspección de Notarías (ODIN), compareció ante nos, mediante el *Informe Especial sobre Incumplimiento de la Ley Notarial Puerto Rico y su Reglamento y en Solicitud de Remedios* (Informe). En éste, indicó que el licenciado Santiago Calderón ha incurrido en múltiples omisiones de sus obligaciones como notario y ha incumplido con varios requerimientos realizados por la ODIN.

En específico, el licenciado Santiago Calderón ha incumplido con su obligación de remitir a la ODIN, dentro de los términos dispuestos en el ordenamiento notarial, sus índices de actividad notarial correspondientes a los meses de mayo de 2001; julio y noviembre de 2002; abril, julio a octubre y diciembre de 2005; mayo, así como julio a diciembre de 2007; enero a diciembre de 2008; enero a diciembre de 2009; enero a diciembre de 2010; enero a diciembre de 2011; enero a diciembre de 2012; enero a diciembre de 2013; enero a diciembre de 2014; y enero a junio de 2015.

De igual modo, la ODIN señaló que el licenciado Santiago Calderón no había presentado los Informes

---

[1]El Lcdo. Rigoberto Santiago Calderón juramentó como notario el 22 de agosto de 1989.

Estadísticos de Actividad Notarial Anual para los años naturales del 1999 al 2014.[2] Por otro lado, la ODIN informa que del expediente que custodian en sus oficinas no surge que la fianza notarial del licenciado Santiago Calderón esté vigente.

A pesar de que se le orientó al notario sobre el derecho aplicable, se le advirtió sobre la gravedad de la conducta y se le concedió un término de diez (10) días para rendir todos los documentos adeudados, el abogado no contestó los requerimientos de la ODIN. En consecuencia, el 31 de agosto de 2015, la ODIN le dirigió una segunda comunicación al notario,[3] en la cual le indicó que le concedía un término final e improrrogable hasta el viernes, 11 de septiembre de 2015. Sin embargo, no compareció.

Además, cabe señalar que la información que consta en el RÚA y en la ODIN no se encuentra actualizada. Esta última comunicación que la ODIN envió fue enviada a una de las direcciones informadas, pero fue devuelta.

Habida cuenta de que el licenciado Santiago Calderón incumplió con los requisitos de la ODIN, el 26 de octubre de 2015, este Tribunal emitió Resolución y ordenó la

---

[2] La ODIN informa que se le concedieron diez (10) días al notario para rendir todos los documentos adeudados y expresar las razones de su incumplimiento. Dicha comunicación fue recibida por un oficial del notario, la Sra. Alison Cruz, el día 22 de julio de 2015.

[3] Esta comunicación fue remitida vía correo regular a la dirección oficial de notificaciones que aparece registrada en el RÚA. Además, se envió por correo certificado con acuse de recibo, la cual fue recibida por un oficial autorizado del notario.

incautación preventiva e inmediata de la obra protocolar y el sello notarial. Además, se le concedió un término de diez (10) días para mostrar causa por la cual no debía ser suspendido indefinidamente del ejercicio de la abogacía y la notaría, la cual fue diligenciada personalmente.

A pesar de ello, el licenciado Santiago Calderón incumplió con nuestra orden y no compareció.

II

Nuestro Código de Ética Profesional establece las normas mínimas de conducta que deben regir a los miembros de la ilustre profesión de la abogacía en el desempeño de sus funciones. *In re* De Jesús Román, 192 DPR 799, 802 (2015); Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX, C. 2. Véanse también: *In re* Cepero Rivera *et al.*, res. el 24 de junio de 2015, 2015 TSPR 119, 193 DPR ___ (2015), pág. 9; *In re* López González *et al.*, res. el 24 de junio de 2015, 2015 TSPR 107, 193 DPR ___ (2015), pág. 5.

En múltiples ocasiones, nos hemos visto obligados a disciplinar a abogados que incumplen con su deber de contestar con diligencia los requerimientos de este Tribunal y acatar nuestras órdenes. *In re* Rivera Trani, 188 DPR 454, 460 (2013); *In re* Guzmán Rodríguez, 187 DPR 826, 829 (2013). Desatender nuestros requerimientos es incompatible con la práctica de la profesión, pues constituye una violación al Canon 9 del Código de Ética Profesional y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re* Cepero Rivera *et al.*, *supra*, pág. 10; *In re* López González *et al.*, *supra*, pág. 6; *In re*

Rivera Trani, *supra*, pág. 461; *In re Guzmán Rodríguez*, *supra*, pág. 829. Por tanto, tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Véanse: *In re López González et al.*, *supra*, págs. 6-7; *In re Rivera Trani*, *supra*, pág. 461; *In re Guzmán Rodríguez*, *supra*, pág. 829.

Cónsono con esta obligación de atender con premura nuestros requerimientos, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, R. 9(j), exige a los abogados mantener actualizados en el RÚA sus datos personales, entre estos la dirección seleccionada para recibir notificaciones. Véanse: *In re Cepero Rivera et al.*, *supra*, pág. 10; *In re López González et al.*, *supra*, pág. 7; *In re Rivera Trani*, *supra*, pág. 460. Es norma reiterada que incumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por el abogado de epígrafe.

III

Mediante el informe presentado ante este Tribunal, el Director de la ODIN ha expuesto de forma detallada las gestiones realizadas para requerirle al abogado de epígrafe que cumpla con los requisitos reglamentarios que hemos examinado. No obstante, éste ha desatendido en repetidas ocasiones sus requerimientos. En vista de ello,

éste nos refirió el asunto para que ejerzamos nuestra facultad disciplinaria.

A pesar de haber concedido a este abogado amplia oportunidad para que compareciera ante nos y acreditara su cumplimiento con los requisitos de la ODIN y con los requerimientos de este Tribunal, el licenciado Santiago Calderón no ha cumplido con lo requerido. Éste incumplió con los requerimientos de la ODIN y no compareció ante nos, en clara inobservancia a nuestras órdenes.

De lo anterior, resulta claro que el abogado de epígrafe ha incumplido con los requisitos de la ODIN y de este Tribunal y ha asumido una actitud despreocupada en cuanto a este asunto. De igual forma, éste ha tomado livianamente nuestros requerimientos y, al día de hoy, no ha comparecido ante nos para cumplir con lo ordenado.

Así pues, la dejadez y la desidia de este abogado ha faltado a su deber de guardar el mayor respeto hacia este Tribunal. Ello, relegando su responsabilidad de regirse por el Código de Ética Profesional y satisfacer los requisitos reglamentarios que se han establecido para garantizar el mejoramiento profesional y la diligencia de aquellos que ejercen la profesión jurídica. Como guardianes de nuestra jurisdicción disciplinaria, no podemos avalar este proceder.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Rigoberto Santiago Calderón. Como consecuencia, se le impone al abogado el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta (30) días contados a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Director de la ODIN mantendrá incautada la obra y el sello notarial del señor Santiago Calderón, y la examinará para rendir el correspondiente informe a este Tribunal. En consecuencia, se le ordena al señor Santiago Calderón presentar los Índices Mensuales de Actividad Notarial y los Informes Estadísticos Anuales de Actividad Notarial que adeude hasta la resolución del Informe Especial de la ODIN. Además, se le ordena presentar evidencia acreditativa del pago de su Fianza Notarial del año 2011 hasta el presente y subsanar cualquier otra deficiencia de su obra notarial.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rigoberto Santiago Calderón                    TS-9,155

SENTENCIA

San Juan, Puerto Rico, a 29 de abril de 2016.

Por las razones expuestas en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía del Lcdo. Rigoberto Santiago Calderón. Como consecuencia, se le impone al abogado el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualquier cantidad recibida en honorarios por los servicios no rendidos. Se le impone también la obligación de informar oportunamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, acreditará a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta (30) días contados a partir de la notificación de esta opinión *Per Curiam* y Sentencia.

El Director de la ODIN mantendrá incautada la obra y el sello notarial del señor Santiago Calderón, y la examinará para rendir el correspondiente informe a este Tribunal. En

consecuencia, se le ordena al señor Santiago Calderón presentar los Índices Mensuales de Actividad Notarial y los Informes Estadísticos Anuales de Actividad Notarial que adeude hasta la resolución del Informe Especial de la ODIN. Además, se le ordena presentar evidencia acreditativa del pago de su Fianza Notarial del año 2011 hasta el presente y subsanar cualquier otra deficiencia de su obra notarial.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo