*In re* DAMIÁN F. PLANAS MERCED, querellado.

*Números:* AB-2014-0040          *Resueltos:* 19 de julio de 2016
TS-11,242

*Karla Z. Pacheco Álvarez*, subprocuradora general, y *Eric O. De la Cruz Iglesias*, procurador general auxiliar; *Wilfredo Ortiz Maldonado*, quejoso; *Damián F. Planas Merced*, abogado querellado.

PER CURIAM: Hoy nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta temeraria y que constituye un desafío.

I

El Lcdo. Damián F. Planas Merced (licenciado Planas Merced) fue admitido al ejercicio de la abogacía el 30 de junio de 1995 y a la notaría el 17 de agosto de 1995.

Debemos mencionar que el licenciado Planas Merced ha sido disciplinado en el pasado. En específico, el 23 de noviembre de 2010 este Tribunal determinó que el licenciado Planas Merced sostuvo una comunicación *ex parte* contraria a lo preceptuado en el Canon 28 del Código de Ética Profesional, 4 LPRA Ap. IX. Véase *In re Planas Merced*, 180 DPR 179 (2010). Por harberse tratado de su primera falta, este Tribunal limitó la sanción a suspenderlo de la práctica de la profesión por el término de tres meses. Se ordenó, además, la incautación de la obra y del sello notarial para que se entregaran al Director de la Oficina de Inspección de Notarías (ODIN), cuya incautación se efectuó el 6 de diciembre de 2010. No obstante, a solicitud del licenciado Planas Merced, el 11 de marzo de 2011 este Tribunal autorizó su reinstalación únicamente al ejercicio de la abogacía. Véase *In re Planas Merced I*, 181 DPR 1014

(2011). Posteriormente, el 29 de marzo de 2011, este Tribunal readmitió al licenciado Planas Merced al ejercicio de la notaría. Véase *In re Planas Merced II*, 181 DPR 1014 (2011).

Por otro lado, el 7 de febrero de 2014 el Sr. Wilfredo Ortiz Maldonado, quien actualmente cumple una pena de reclusión junto con su hermano David Ortiz Maldonado, presentó una Queja contra el licenciado Planas Merced alegando, *inter alia*, que su madre contrató al licenciado para que asumiera la representación legal de ambos hermanos y que le pagó $5,000. Sin embargo, el licenciado Planas Merced solicitó permiso al Tribunal de Apelaciones para representarlos de manera *Pro Bono*.

Luego de varios plazos concedidos por la Secretaria de este Tribunal, finalmente el licenciado Planas Merced respondió la Queja el 1 de julio de 2014 rechazando todas las alegaciones. Meses después, el 24 de octubre de 2014, el licenciado Planas Merced sometió una "Solicitud de cambio a estatus de abogado inactivo en el Registro Único de Abogados y Abogadas", arguyendo, en principio, que no puede ejercer la profesión porque padece de cierta condición de salud mental. El 27 de febrero de 2015 la Procuradora General compareció mediante un "Informe de la Oficina de la Procuradora General" y expuso que existía prueba clara, robusta y convincente para iniciar un procedimiento disciplinario a tenor de la Regla 14 de nuestro Reglamento, 4 LPRA Ap. XXI-B. No obstante, recomendó iniciar contra el licenciado Planas Merced un procedimiento especial bajo la Regla 15(c) de nuestro Reglamento, 4 LPRA Ap. XXI-B.

El 8 de abril de 2015 la Secretaria de este Tribunal le remitió una comunicación al licenciado Planas Merced concediéndole un término de veinte días para que se expresara sobre el Informe presentado por la Oficina de la Procuradora General. Sin embargo, el licenciado Planas Merced *no contestó este requerimiento*. Así las cosas, el 19 de junio de 2015 este Tribunal atendió los escritos de la parte quere-

llante (Queja AB-2014-40), el Informe de la Procuradora General y la solicitud de cambio de estatus a abogado inactivo, y emitió una Resolución mediante la cual se le concedieron treinta días al licenciado Planas Merced para que solicitara la cesación a la notaría. Advertimos que, de cumplirse con este requisito, esta Curia estaría en posición de concederle la solicitud de inactividad. Se condicionó tal proceder a que si el licenciado Planas Merced solicitase reinstalación al ejercicio de la profesión legal, se reactivaría la Queja AB-2014-40, se tendría que someter al procedimiento especial bajo la Regla 15(c) de nuestro Reglamento, *supra*, y, además, tendría que ponerse al día con el Programa de Educación Jurídica Continua. Asimismo, apercibimos al licenciado Planas Merced que, de no cumplir con los términos de la Resolución, estaría sujeto a posibles sanciones disciplinarias, incluyendo su separación de la profesión legal.

El 17 de septiembre de 2015 el Director de ODIN, Lcdo. Manuel E. Ávila de Jesús, acreditó mediante una "Moción notificando incumplimiento de orden" el incumplimiento del licenciado Planas Merced con el término de treinta días concedido por este Tribunal para solicitar la cesación de la notaría ante ODIN. En esta Moción, el Director de ODIN informó a este Tribunal, entre otras cosas, que supo que el licenciado Planas Merced se mudó permanentemente a la ciudad de Boston, Massachusetts, aparentemente por razones médicas, por lo que solicitó inactivarse de la práctica de la abogacía. El Director de ODIN informó, además, que las gestiones para contactar al licenciado Planas Merced habían sido infructuosas.

Ante la falta de cumplimiento del licenciado Planas Merced con la Resolución de esta Curia, nos vemos precisados a imponer sanciones disciplinarias más severas.[1]

---

[1] Ahora bien, respecto a la Queja AB-2014-40 antes mencionada, esta Curia no entrará a evaluar los méritos de las alegaciones contenidas en esta, ya que lo que nos ocupa es el incumplimiento del licenciado Planas Merced con los requerimientos de este Tribunal.

## II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal. *In re Bello Rivera*, 192 DPR 812, 816 (2015); *In re Pacheco Pacheco*, 192 DPR 553, 560 (2015); *In re Dávila Toro*, 179 DPR 833, 840 (2010).

Reiteradamente hemos señalado que desatender las órdenes judiciales es un asunto que no puede ser tomado livianamente, puesto que constituye un serio agravio a la autoridad de los tribunales y, en consecuencia, una infracción al Canon 9, *supra*. *In re Bello Rivera*, supra; *In re De Jesús Román*, 192 DPR 799, 803 (2015); *In re Dávila Toro*, supra.

A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re Santiago Calderón*, 195 DPR 457 (2016); *In re Irizarry Irizarry*, 190 DPR 368, 375 (2014); *In re Toro Soto*, 181 DPR 654, 660 (2011).

En este caso, el 19 de junio de 2015 este Tribunal emitió una Resolución mediante la cual se le concedió un término de treinta (30) días al licenciado Planas Merced para que solicitara la cesación a la notaría. Advertimos que, de cumplirse con este requisito, esta Curia estaría en posición de concederle su solicitud de inactividad. Sin embargo, aun cuando se apercibió al licenciado Planas Merced de que podrían imponérsele sanciones disciplinarias severas en caso de que incumpliera con nuestros requerimientos, este ha hecho caso omiso. Asimismo, las gestiones realizadas por ODIN para contactar al licenciado Planas Merced han

sido infructuosas. Ciertamente, el expediente del licenciado Planas Merced refleja un patrón de incumplimientos, desidia y desinterés de su parte a las órdenes de esta Curia.

## III

Por los fundamentos antes expuestos, *se suspende inmediata e indefinidamente del ejercicio de la abogacía y la notaría al licenciado Planas Merced.*

*Se le impone al licenciado Planas Merced el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión "per curiam" y Sentencia. Por último, el Alguacil de este Tribunal deberá incautar la obra y el sello notarial del licenciado Planas Merced y entregarlos a la oficina del Director de ODIN para la correspondiente investigación e informe.*

*Se dictará Sentencia de conformidad.*