*In re* THOMAS J. BRYAN PICÓ.

*Número:* TS-9699          *Resuelto:* 30 de enero de 2015

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías, en informe.

PER CURIAM: Una vez más nos vemos precisados a suspender a un miembro de la profesión por incumplir con la Regla 9(j) del Reglamento del Tribunal Supremo de 2011 (4 LPRA Ap. XX1-B), que le exige a todo abogado actualizar sus datos personales en el Registro Único de Abogados y

Abogadas de Puerto Rico (RUA) y por desatender los requerimientos de este Tribunal, apartándose de las normas éticas que rigen el ejercicio de la profesión. Por tal razón, y conforme a lo detallado a continuación, ordenamos la suspensión inmediata e indefinida del Lcdo. Thomas J. Bryan Picó del ejercicio de la abogacía y de la notaría.

## I

El Lcdo. Thomas J. Bryan Picó fue admitido al ejercicio de la abogacía el 15 de enero de 1991 y al ejercicio de la notaría el 12 de febrero del mismo año. Posteriormente, presentó una solicitud de renuncia al ejercicio de la notaría, la cual fue aceptada por este Tribunal el 30 de septiembre de 1997. Meses más tarde, el 16 de enero de 1998, fue readmitido a la práctica.

Los hechos que dieron génesis a la controversia en el caso de autos, se remontan al 1 de noviembre de 2013 cuando la Lcda. Marie A. Román Negrón se comunicó por correo electrónico con el licenciado Bryan Picó y le solicitó una copia simple de una escritura que el letrado otorgó ante uno de sus clientes. Como respuesta, el licenciado Bryan Picó expresó que podían coordinar la entrega de la escritura solicitada para dentro de una semana. Luego del término acordado, y tras la falta de comunicación del letrado, la licenciada Román Negrón envió una segunda notificación al notario en la que aludió al hecho de que el notario le informó que la escritura solicitada la tenía guardada en un almacén en Bayamón. Posteriormente, al no recibir respuesta, la licenciada remitió a la Oficina de Inspección de Notarías (ODIN) una comunicación en la que detalló los eventos ocurridos. En vista de ello, ODIN le envió una carta mediante correo certificado con acuse de recibo al licenciado Bryan Picó en la que le requirió una copia certificada de la escritura que previamente le solicitó la licenciada Román Negrón. Además, le concedió cinco

días calendario para que se expresara en cuanto a la posición de la letrada. El servicio de correo postal devolvió la carta por la siguiente razón: "Unclaimed".

Así pues, el 22 de enero de 2014, ODIN se comunicó telefónicamente con el licenciado Bryan Picó. Este argumentó que no había recibido la referida carta. A tales efectos, el Director de ODIN acordó enviar la comunicación por correo electrónico a la dirección oficial del licenciado Bryan Picó que aparece registrada en RUA, y ODIN le concedió hasta el 28 de enero de 2014 para cumplir con los requerimientos. Posteriormente, el 12 de febrero de 2014, el licenciado Bryan Picó se personó en ODIN y entregó una Certificación Registral expedida por el Registro de la Propiedad. No obstante, y contrario a lo solicitado, el licenciado entregó la copia certificada.

Trascendió que el 18 de febrero de 2014 ODIN le envió, mediante correo electrónico y correo certificado con acuse de recibo, una *segunda comunicación* al licenciado Bryan Picó. En esta ocasión, le concedió tres días desde el envío de dicha comunicación para remitir la copia certificada. Nuevamente, el correo postal devolvió la carta por la razón siguiente: "Unclaimed". Luego, el 1 de mayo de 2014 se le envió una *tercera notificación* haciendo el mismo requerimiento. Sin embargo, al igual que en las dos ocasiones previas, el correo postal devolvió la carta y el sistema de correo electrónico rechazó la comunicación electrónica.

Así las cosas, el 23 de mayo de 2014, el Lcdo. Manuel E. Ávila de Jesús, director de ODIN, presentó una Moción en auxilio del Tribunal para la incautación de la obra notarial y otros remedios. En consecuencia, este Tribunal ordenó, mediante Resolución de 28 de mayo de 2014, la incautación inmediata de la obra y sello notarial del letrado. Además, se le concedió un término de quince días al licenciado, contados a partir de la notificación de la Resolución, para que mostrara causa por la cual no lo debían suspender del ejercicio de la abogacía y de la notaría. Posteriormente, el 30

de mayo de 2014 se incautó la obra y el sello notarial del licenciado Bryan Picó, los cuales se colocaron bajo custodia en el Archivo Notarial del Distrito de San Juan.

Subsiguientemente, el 3 de julio de 2014, el Director de ODIN nos informó que la obra notarial incautada reflejó varias deficiencias que se detallaron en el Informe de Inspección de Obra Incautada. Entre estas se destacó el descuido existente en la conservación de los instrumentos públicos; la omisión de cancelar los sellos de rentas internas, el impuesto notarial y el de la Sociedad para Asistencia Legal, así como incumplir con varias disposiciones de la Ley Notarial de Puerto Rico.[1] El 27 de octubre de 2014, el letrado Bryan Picó fue notificado personalmente de dicha resolución por un alguacil de este Tribunal.

A pesar del tiempo transcurrido, todavía el licenciado Bryan Picó no ha comparecido ante ODIN ni ante este Tribunal para cumplir con los requerimientos. Por lo anterior, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría.

## II

En reiteradas ocasiones hemos expresado que todo abogado tiene la ineludible obligación de observar rigurosamente los requerimientos de este Tribunal. *In re Aponte Del Valle*, 189 DPR 245, 249 (2013); *In re Rivera Rosado*, 180 DPR 698, 701 (2011); *In re Morales Rodríguez*, 179 DPR 766, 768 (2010). Asimismo, hemos enfatizado que la naturaleza pública de la profesión de la abogacía impone al abogado el deber de responder oportunamente a todo requerimiento relacionado con investigaciones disciplinarias. *In re Morales Rodríguez*, supra, pág. 769; *In re Prieto Rivera*, 180

---

[1] Según surge del Informe en torno a Estado de Obra Notarial Incautada, se encontró la omisión de instrumentos públicos, tomos sin encuadernar, omisión de firma, signo, sello, rúbrica del notario, nota de saca y deudas arancelarias por la cantidad de $224 en contravención con los Arts. 13, 28, 41, 50 y 52 de la Ley Notarial de Puerto Rico, 4 LPRA secs. 2031, 2046, 2063, 2074 y 2076.

DPR 692, 697 (2011); *In re García Incera*, 177 DPR 329, 331 (2009). De igual manera, hemos señalado que desatender las órdenes judiciales constituye una afrenta a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. *In re García Incera*, supra, pág. 331.

Sabido es que cuando un abogado incumple con los deberes que le impone la ley, el ordenamiento ético y las órdenes emitidas por los tribunales, se expone a la imposición de sanciones disciplinarias. Esto cobra mayor relevancia durante los procesos disciplinarios que se ventilan en el Tribunal Supremo de Puerto Rico, en los que se espera que los miembros de la profesión actúen en perfecta concordancia con los preceptos del Código de Ética Profesional. *In re Buono Colón*, 187 DPR 379, 382–383 (2012); *In re Asencio Márquez*, 183 DPR 659, 663 (2011); *In re Borges Lebrón*, 179 DPR Ap. 1037 (2010).

Así, hemos reseñado que la obligación de atender con "diligencia y escrupulosidad" las órdenes que emita este Tribunal es más patente durante los procesos disciplinarios. *In re Montes Díaz*, 184 DPR 90, 93–94 (2011). Por ello, hemos reiterado que incumplir con esa obligación es altamente reprochable y puede acarrear la imposición de sanciones disciplinarias severas, incluso la suspensión inmediata de la profesión. Íd. Por consiguiente, cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. *In re Rivera Rosado*, supra; *In re Feliciano Jiménez*, 176 DPR 234, 235 (2009); *In re Arzón Rivera*, 175 DPR 763, 765 (2009). Ello es así porque el patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía. *In re González Barreto*, 169 DPR 772, 774 (2006).

■ Por otro lado, la obligación de notificar cualquier cambio de dirección surge de la Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B. Esta regla impone a todo abogado la obligación de notificar cualquier cambio en su dirección postal o física. *In re Toro Soto*, 181 DPR 654, 660 (2011). Por lo anterior, el incumplimiento con lo ordenado podría conllevar la imposición de sanciones en su contra, incluso sanciones disciplinarias. Íd.

■ Por último, como es sabido, todo notario está obligado al estricto cumplimiento de la Ley Notarial de Puerto Rico y de los cánones del Código de Ética Profesional. *In re Martínez Sotomayor*, 189 DPR 492, 499 (2013), citando a *In re Ayala Oquendo*, 185 DPR 572, 580 (2012); *In re Martínez Almodóvar*, 180 DPR 805, 815 (2011). Este debe ser en extremo cuidadoso y tiene el deber de desempeñarse con esmero, diligencia y estricto celo profesional. *In re Martínez Sotomayor*, supra. El incumplimiento con estas fuentes de obligaciones y deberes lo expone a la acción disciplinaria correspondiente. Íd.

■ El Art. 48 de la Ley Notarial de Puerto Rico, 4 LPRA sec. 2072, dispone la forma como los notarios conservarán los Protocolos. Por lo tanto, estos son responsables de su integridad y están sujetos a sanciones si esos documentos se deterioran o pierden por su falta de diligencia. *In re Rosebaum*, 189 DPR 115, 119 (2013). El compromiso del notario con relación al cuidado de los Protocolos es del tal grado que el Art. 48 de la Ley Notarial de Puerto Rico, *supra*, impone sobre este la responsabilidad por su deterioro o pérdida. El notario está obligado a reponerlos o restaurarlos a sus expensas. Íd. Claro está, el hecho de que el notario cumpla con su deber no impide que este Tribunal le imponga unas sanciones o medidas disciplinarias adecuadas. Íd.

## III

En el caso de autos, el licenciado Bryan Picó incumplió con su deber de responder oportunamente a los requerimientos de este Tribunal. El anterior cuadro fáctico se agrava ante las serias deficiencias descubiertas en las escrituras de los Protocolos del licenciado Bryan Picó, deficiencias que aún no se han corregido o subsanado.

En atención a lo anterior, decretamos su suspensión indefinida e inmediata del ejercicio de la abogacía y de la notaría, según se le había apercibido. Le imponemos el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos e informar de su suspensión indefinida a los foros judiciales y administrativos de Puerto Rico.

Por otro lado, tiene la obligación de actualizar su información en RUA y de notificar cualquier cambio de dirección postal y/o física, así como cumplir con las deficiencias señaladas en el Informe rendido por ODIN. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta días a partir de la notificación de esta Opinión *per curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra protocolar que el señor Bryan Picó no entregó en el primer proceso de incautación y entregarla al Director de ODIN para la correspondiente investigación e informe. En su defecto, deberá informar si esos instrumentos públicos se extraviaron y es necesario encaminar un proceso de Reconstrucción de Obra Protocolar al amparo de la Regla 58A del Reglamento Notarial de Puerto Rico, 4LPRA Ap. XXIV.

*Se dictará sentencia de conformidad.*