*In re* HERNÁNDEZ VELÁZQUEZ.

*Número:* TS-5654                    *Resuelto:* 8 de abril de 2015

*Geisa M. Marrero Martínez,* en informe.

PER CURIAM:

## I

El Lcdo. José Luis Hernández Velázquez fue admitido al ejercicio de la abogacía el 31 de octubre de 1977 y a la notaría el 13 de diciembre de 1977. El 7 de octubre de 1981, el licenciado Hernández Velázquez fue suspendido del ejercicio de la notaría por deficiencias en su obra notarial.

El 12 de febrero de 2014, la Directora del Programa de Educación Jurídica Continua (PEJC o Programa) nos informó que el licenciado Hernández Velázquez había incumplido con los requisitos reglamentarios de educación jurídica continua durante el periodo del 1 de abril de 2007 al 31 de marzo de 2009.[1]

El PEJC refirió el asunto a este Tribunal debido a la actitud pasiva demostrada por el licenciado ante los requisitos de educación jurídica continua, no obstante haberle concedido tiempo suficiente para completarlos y la oportunidad de ser oído. La Directora del PEJC indicó que cuando envió al licenciado las notificaciones de incumplimiento y citación

---

[1] Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D.

a vista informal, descansó en la información personal que de este consta en el Registro Único de Abogados y Abogadas de Puerto Rico (RUA).

Según surge del Informe sobre Cumplimiento con Requisito de Educación Jurídica Continua (Incomparecencia a Vista Informal) y de los documentos presentados por la Directora, el 4 de mayo de 2009 el PEJC envió por correo al licenciado Hernández Velázquez un Aviso de Incumplimiento, en el que le notificó que había incumplido con los requisitos de educación jurídica continua, que le imponía el pago de una cuota de cincuenta dólares, que le concedía un término de sesenta días para completar los cursos exigidos o acreditar su cumplimiento y que le apercibía que, de no acreditar el cumplimiento con los cursos y el pago de la cuota, sería citado a una vista informal.

Transcurridos casi dos años desde que expiró el periodo de cumplimiento, el licenciado Hernández Velázquez no presentó evidencia de haber completado los cursos de educación jurídica continua y tampoco pagó la cuota. Como consecuencia, el 21 de enero de 2011 el PEJC envió por correo una citación a vista informal, en la que apercibió al abogado que, de no comparecer a expresar las razones para su incumplimiento, el asunto se referiría al Tribunal Supremo.[2] La citación fue devuelta al remitente luego de que el servicio postal intentara diligenciar infructuosamente la carta.[3] Por ello, el 9 de febrero de 2011 el PEJC reenvió la citación para la vista informal a través del correo electrónico del abogado registrado en RUA. El licenciado Hernández Velázquez no compareció a la vista informal.

Atendiendo el Informe presentado por el Programa, el 28 de febrero de 2014 concedimos al licenciado Hernández Velázquez un término de veinte días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la profe-

---

[2] La citación a una vista que se celebraría el 25 de febrero de 2011 se envió por correo a la dirección postal del licenciado Hernández Velázquez que surge de Registro Único de Abogados y Abogadas de Puerto Rico (RUA).

[3] El sello del servicio postal ponchado en el sobre devuelto indica: "ATTEMPTED, NOT KNOWN".

sión de la abogacía por incumplir con los requisitos de educación jurídica continua y por no comparecer al PEJC cuando se le requerió. Enviamos al licenciado Hernández Velázquez nuestra Resolución por correo certificado a su dirección postal según aparece registrada en RUA. El servicio de correo postal devolvió la carta.(4)

Al presente, el licenciado Hernández Velázquez aparece activo en RUA como abogado. La dirección postal disponible es aquella de donde el servicio de correo ha devuelto la correspondencia enviada por este Tribunal y por el PEJC. Además, el licenciado no ha respondido a los avisos y las citaciones que el PEJC le ha enviado por el correo electrónico que aparece registrado.

## II

El Canon 2 del Código de Ética Profesional dispone que los abogados tienen el deber de "mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional" con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona [...]".(5) Cónsono con lo anterior, este Tribunal adoptó el Reglamento de Educación Jurídica Continua de 1998 (Reglamento de 1998) con el propósito de establecer un programa de educación jurídica obligatoria que aliente y contribuya al mejoramiento profesional.(6) Este Reglamento requiere que los abogados y abogadas activos aprueben por lo menos veinticuatro (24) horas crédito en cursos acreditables cada dos años.(7)

---

(4) La Resolución se notificó el 5 de marzo de 2014 a la dirección postal registrada en RUA. El sello del servicio postal ponchado en el sobre devuelto indica: "ATTEMPTED, NOT KNOWN".

(5) 4 LPRA Ap. IX.

(6) 4 LPRA Ap. XVII-D, R. 1.

(7) 4 LPRA Ap. XVII-D, R. 6. Véase, además, Regla 5(9) del Reglamento del Programa de Educación Jurídica Continua de 2005 (Reglamento de 2005), 4 LPRA Ap. XVII-E.

■ Los abogados y abogadas tienen el deber de presentar ante la Junta de Educación Jurídica Continua un informe que acredite el cumplimiento con el mínimo de horas crédito no más tarde de los 30 días subsiguientes una vez finalizado cada periodo de cumplimiento.(8) Si el abogado o abogada cumple tardíamente con los requisitos de educación jurídica continua, deberá presentar un informe explicando las razones que justifican su tardanza, así como pagar una cuota.(9) Ahora bien, si el abogado o abogada incumple con sus obligaciones, el Director de la Junta le citará a una vista informal, en la que podrá presentar la prueba que justifique las razones de su proceder.(10) Si el abogado o abogada no comparece, el asunto se remitirá a este Tribunal.(11) Anteriormente, este Tribunal ha disciplinado profesionalmente a abogados y abogadas que han desatendido los requerimientos de la Junta e incumplido con las horas crédito de educación jurídica continua.(12)

■ Por otro lado, la Regla 9(j) del Reglamento del Tribunal Supremo impone a los abogados y abogadas la obligación de mantener actualizados en RUA sus datos personales, la dirección física y postal, tanto de su oficina como de su residencia, y el correo electrónico, entre otros datos.(13) Los abogados notarios y las abogadas notarias deben avisar oportunamente a este Tribunal cualquier cambio en su dirección postal o física.(14) El abogado o abogada deberá, además, designar una de las direcciones para recibir las notificaciones del Tribunal.(15) Cuando un abogado o

---

(8) Regla 28 del Reglamento de 2005, *supra*. Véase *In re Luis Paisán*, 190 DPR 1 (2014).

(9) Regla 30 del Reglamento de 2005, *supra*.

(10) Regla 31 del Reglamento de 2005, *supra*.

(11) Regla 32 del Reglamento de 2005, *supra*. Véase, además, Regla 9 del Reglamento de 1998 (4 LPRA Ap. XVII-D).

(12) *In re Luis Paisán*, supra; *In re Camacho Hernández*, 188 DPR 739 (2013).

(13) 4 LPRA Ap. XXI-B.

(14) *In re Arroyo Rosado*, 191 DPR 242 (2014).

(15) 4 LPRA Ap. XXI-B, R. 9(j). Véanse, además, las Reglas 65.3 y 67.2 de Pro-

abogada incumple con su deber de mantener al día su dirección, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. El incumplimiento con este deber es suficiente para decretar la separación indefinida del abogado de la profesión.[16]

■ Por último, en reiteradas ocasiones hemos recordado a los miembros de la profesión legal que tienen el deber de contestar con diligencia los requerimientos de este Tribunal relacionados con su práctica profesional.[17] Ello tiene que hacerse prontamente, independientemente de los méritos de las quejas presentadas en su contra.[18] No hacerlo constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, que establece que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[19]

Al respecto, hemos enfatizado que la naturaleza de la función de abogado requiere una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional.[20] La dejadez es incompatible con el ejercicio de la abogacía y cuando un abogado se muestra indiferente ante los apercibimientos de sanciones disciplinarias por no comparecer ante este Tribunal, procede su suspensión inmediata de la profesión.[21]

---

cedimiento Civil, 32 LPRA Ap. V, que proveen para que las notificaciones sobre órdenes, resoluciones y sentencias se notifiquen a los abogados y a las abogadas a la dirección que conste en el registro del Tribunal Supremo.

[16] *In re Arroyo Rosado*, supra.

[17] Véanse, por ejemplo: *In re Vera Vélez*, 192 DPR 216 (2015); *In re Del Castillo Del Valle*, 191 DPR 633 (2014); *In re Mendoza Ramírez*, 188 DPR 244 (2013).

[18] *In re Irizarry Irizarry*, 190 DPR 368, 374 (2014).

[19] 4 LPRA Ap. IX. Véase *In re Irizarry Irizarry*, supra, pág. 374.

[20] *In re Vera Vélez*, supra; *In re Irizarry Irizarry*, supra, pág. 374.

[21] *In re Vera Vélez*, supra; *In re Bryan Picó*, 192 DPR 246 (2015).

## III

Los esfuerzos realizados por el PEJC y este Tribunal para contactar al licenciado Hernández Velázquez desde el 2009 han resultado infructuosos, porque su información personal en RUA no está actualizada. Esto ha obstaculizado nuestra facultad disciplinaria y constituye una violación a nuestras órdenes y a la Regla 9(j) del Reglamento de este Tribunal, *supra*. Como vimos, incumplir con dicho requerimiento es suficiente para suspender indefinidamente al abogado del ejercicio de la abogacía.

El letrado también ha incumplido con los requisitos de educación jurídica continua para el periodo comprendido desde el 1 de abril de 2007 hasta el 31 de marzo de 2009. Al momento, el licenciado Hernández Velázquez no ha acreditado el cumplimiento con las veinticuatro horas crédito para ese periodo, aun habiéndole concedido amplia oportunidad para hacerlo. Además, aun cuando no se le ha notificado formalmente, el PEJC certifica que el licenciado ha incumplido con los periodos comprendidos desde el 1 de abril de 2009 hasta el 31 de marzo de 2011 y desde el 1 de abril de 2011 hasta el 31 de marzo de 2013.

Lo anterior nos lleva a *decretar la suspensión inmediata e indefinida del licenciado José Luis Hernández Velázquez del ejercicio de la abogacía. Como consecuencia, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión "per curiam" y Sentencia.*

*Se dictará sentencia de conformidad.*