per curiam:
Una vez más nos vemos obligados a suspender a un abogado por su incumplimiento con las órdenes emitidas por este Tribunal.
I
El 9 de octubre de 2014, el Director de la Oficina de Inspección de Notarías (ODIN) compareció a este Tribunal mediante una Moción en Auxilio del Tribunal para Incautación de Obra Notarial y Otros Remedios. En la misma, informó que el Ledo. Cruz A. Valentín Malavé desatendió sus requerimientos en múltiples ocasiones desde el 2012. Por ello, pidió que ordenáramos la incautación de la obra y el sello notarial del abogado y decretáramos su separación del ejercicio de la notaría. El historial de incumplimiento del licenciado Valentín Malavé se detalla a continuación.
El 20 de agosto de 2012 ODIN notificó al abogado un Informe en el cual se desglosaban las deficiencias de su obra notarial y le concedió quince días para que presentara cualquier objeción al Informe y atendiera las deficiencias señaladas. Entre los señalamientos de ODIN se incluyó la omisión de presentar varios índices de actividad notarial y la existencia de una deuda arancelaria ascendente a $1,069.50. El 31 de agosto de 2012, el licenciado Valentín *472 Malavé aceptó el contenido del Informe y las deficiencias señaladas, e informó que no había podido efectuar las correspondientes correcciones por dificultades económicas. Aun así se comprometió a comprar los sellos adeudados.
El 26 de junio de 2013, ODIN le requirió al abogado que detallara las gestiones que había llevado a cabo para comenzar el proceso de subsanación. Transcurrido un año sin que se hubiesen subsanado las deficiencias señaladas, el 12 de junio de 2014 ODIN volvió a cursar al notario una comunicación por correo certificado en la que le advirtió que la omisión de atender sus requerimientos podría conllevar que el asunto se refiriera al Tribunal Supremo.(1)
El licenciado Valentín Malavé desatendió los requerimientos de ODIN. Por ello se nos remitió el asunto para que tomáramos la acción correspondiente. El 16 de octubre de 2014 ordenamos la incautación del sello y de la obra notarial del abogado, y le concedimos un término de diez días para que mostrara causa por la cual no debía ser suspendido de la profesión de la abogacía y la notaría por su reiterado incumplimiento con los requerimientos de ODIN. Dicha Resolución le fue notificada personalmente al abogado el 23 de octubre de 2014.
El 20 de enero de 2015, el Director de ODIN compareció nuevamente ante este Foro. Informó que la deuda arancelaria aún prevalecía, así como subsistían las deficiencias notariales. Además, llamó nuestra atención al hecho de que el término para mostrar causa ante este Foro había vencido sin que el abogado contestara. Aún hoy, el licenciado no ha cumplido nuestra orden ni ha subsanado las deficiencias señaladas por ODIN.
*473 II
El Tribunal Supremo de Puerto Rico tiene el poder inherente de regular la profesión legal, por lo que nos corresponde asegurar que los miembros admitidos a la práctica de la abogacía y la notaría ejerzan sus funciones responsable, competente y diligentemente.(2) Con el propósito de mantener la excelencia de la clase togada, hemos enfatizado repetidamente la obligación que tienen los abogados de cumplir fiel y cabalmente con todos los cánones de ética que rigen nuestra profesión.(3) Una de las disposiciones de mayor envergadura en nuestro ordenamiento jurídico se encuentra el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. EX, que impone a los abogados el deber de “observar para con los tribunales una conducta que se caracterice por el mayor respeto”. La desatención de las órdenes y los requerimientos judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.(4) Por tal motivo, hemos decidido que procederá la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría de aquellos miembros que no atiendan con diligencia nuestros requerimientos, así como los emitidos por ODIN y la Oficina del Procurador General.(5)
III
A pesar de los múltiples requerimientos que la ODIN ha cursado al licenciado Valentín Malavé desde el 23 de agosto de 2012, el abogado aún no ha comenzado el proceso de subsanación de su obra notarial ni ha entregado los sellos adeudados. Tampoco ha contestado la Orden que emitimos *474 el 16 de octubre de 2014, en la que le requerimos que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía y la notaría por su incumplimiento con los requerimientos de ODIN. Por las razones antes expuestas, nos vemos obligados a decretar su suspensión del ejercicio de la abogacía y la notaría de forma inmediata e indefinida.
IV
Por los fundamentos antes expuestos, se ordena la suspensión inmediata e indefinida del Ledo. Cruz A. Valentín Malavé de la práctica de la abogacía y la notaría. El licenciado Valentín Malavé deberá notificar a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultorio ni representación legal. Asimismo, devolverá los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por trabajos no realizados. De igual manera, tendrá la responsabilidad de informar su suspensión a cualquier foro judicial o administrativo en el que tenga algún caso pendiente y mantendrá a este Tribunal informado de cualquier cambio en su dirección, teléfono y correo electrónico. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior dentro del término de treinta días, contados a partir de la notificación de la presente Opinión “per curiam” y Sentencia. Además, el licenciado Valentín Malavé deberá atender los señalamientos de ODIN dentro del término de noventa días, incluyendo el pago de aranceles.

Se dictará sentencia de conformidad.

La Juez Asociada Señora Rodríguez Rodríguez no intervino.

 Posteriormente, la Sra. Sonia Carcaña Pérez envió una misiva a la Oficina de Inspección de Notarías (ODIN) en la que alegó que el licenciado Valentín Malavé no estuvo disponible para entregarle una copia certificada de un testamento abierto que su padre había otorgado ante éste. El 16 de julio de 2014 y el 26 de agosto del mismo año ODIN le requirió al abogado que atendiera la solicitud de la señora Carcaña Pérez.

 In re Vera Vélez, 192 DPR 216 (2015).

 In re Sosa Suárez, 191 DPR 261 (2014).

 In re Bryan Picó, 192 DPR 246 (2015); In re Pérez Román, 191 DPR 186 (2014); In re Martínez Romero, 188 DPR 511 (2013).

 In re Martínez Romero, supra, pág. 515.