EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Paolo J. Pérez Román (TS-15,582) | 2017 TSPR 136 198 DPR ____ |
|---|---|

Número del Caso: AB-2013-408
                 AB-2014-7


Fecha:   20 de julio de 2017


Abogado del promovido:

        Por derecho propio


Oficina del Procurador General:


**AB-2013-408**

            Lcda. Karla Pacheco Álvarez
            Subprocuradora General

            Lcda. Miriam Álvarez Archilla
            Procuradora General Auxiliar

**AB-2014-7**

            Lcda. Tanaira Padilla Rodríguez
            Subprocuradora General

            Lcda. Gloria Robison Guarch
            Procuradora General Auxiliar


Materia: La suspensión será efectiva el 28 de julio de 2017, fecha en que se le notificó por correo al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

 Paolo J. Pérez Román   AB-2013-0408  Queja

            AB-2014-0007

*PER CURIAM*

San Juan, Puerto Rico, a 20 de julio de 2017.

 Nuevamente nos vemos obligados a suspender inmediata e indefinidamente del ejercicio de la abogacía a un miembro de la profesión legal que, en reiteradas ocasiones, incumplió con las órdenes de este Tribunal.

**I**

 El Lcdo. Paolo J. Pérez Román fue admitido al ejercicio de la abogacía el 23 de agosto de 2005 y a la notaría el 14 de septiembre del mismo año. Posteriormente, el 20 de junio de 2014 fue suspendido indefinidamente del ejercicio de la abogacía y la notaría.[1] No obstante, el 13 de junio

---

[1] Véase Opinión Per Curiam del 20 de junio de 2014.

de 2016 fue reinstalado para ejercer la profesión legal y ello provocó que se activaran las quejas AB-2012-319, AB-2012-495, AB-2013-211, AB-2013-408 y AB-2014-0007,[2] las cuales habían sido archivadas administrativamente como resultado de su suspensión indefinida.[3] A continuación, exponemos una relación de hechos relacionados a las quejas AB-2013-0408 y AB-2014-0007.

## AB-2013-0408

El 7 de octubre de 2013, se presentó la Queja Núm. AB-2013-0408 en contra del licenciado Pérez Román. En ésta, la quejosa explicó que contrató los servicios del licenciado Pérez Román para que fungiera como representante legal de su exesposo en un caso de daños y perjuicios. En específico, la quejosa alegó que le entregó al licenciado Pérez Román $75 para pagar el arancel correspondiente a la presentación de la contestación de la demanda y que, posteriormente, le comunicó que su exesposo había fallecido. Arguyó que el licenciado Pérez Román le indicó que le iba a notificar a la parte demandante sobre el deceso del demandado. Añadió que luego trató de comunicarse con el licenciado Pérez Román para conocer del estatus del caso, pero que no logró contactarlo.[4]

---

[2] Destacamos que la Queja Núm. AB-2012-319 fue archivada y la Queja Núm. AB-2013-211 está bajo la consideración del Procurador General para que presente el informe requerido.

[3] Véase *Resolución* del 13 de junio de 2016.

[4] *Véanse*, Queja Núm. AB-2013-0408, págs.53-54, y *Enmienda a la Queja*, págs. 40-41.

Así las cosas, la entonces Subsecretaria de este Tribunal procedió a enviarle una carta al licenciado Pérez Román en la cual le informó que debía presentar su contestación a la queja. A pesar de que éste recibió dicha carta, no contestó. Por ello, se le envió una segunda notificación. A raíz de lo anterior, decidimos notificarle personalmente nuestro requerimiento y, mediante la Resolución emitida el 13 de febrero de 2014, le conferimos un término final de 5 días para que contestara la queja. Además, se le advirtió que el incumplimiento con lo ordenado en la Resolución podría implicar sanciones disciplinarias, incluyendo la suspensión del ejercicio de la profesión legal.[5]

Posteriormente, el licenciado Pérez Román presentó su contestación a la queja. En resumen, el licenciado Pérez Román aceptó que fue contratado para tramitar un caso de daños y perjuicios y que recibió de la quejosa $75 para pagar el arancel correspondiente a la presentación de la contestación de la demanda. Con relación al estatus del caso, explicó que por motivos de un quebrantamiento de salud no presentó la contestación a la demanda. Ante ello, reconoció que pudo haber desplegado mejor atención, diligencia y ejecución en el caso. No obstante, explicó que el cliente no sufrió percance alguno debido a que éste

---

[5] El 24 de febrero de 2014 la Resolución fue diligenciada personalmente por conducto de la Oficina de los Alguaciles de este Tribunal.

falleció durante el proceso.[6] En fin, el licenciado Pérez Román pidió disculpas y reconoció que adeudaba $75. Por ello, solicitó un término para devolver dicha cantidad y, además, proveyó el lugar y el teléfono de la oficina en la cual estaría disponible el expediente del caso para que la quejosa pudiese recogerlo.[7]

Como mencionáramos, durante el transcurso de esta queja el licenciado Pérez Román fue suspendido indefinidamente del ejercicio de la abogacía y de la notaría y, posteriormente, el 13 de junio de 2016 lo reinstalamos al ejercicio de la abogacía. Consecuentemente, reactivamos la queja que nos concierne.[8]

Conforme a lo anterior, la entonces Procuradora General presentó su Informe y sugirió que se amonestara o censurara al licenciado Pérez Román. Además, recomendó el archivo de la queja condicionado a que el licenciado Pérez Román devolviera los $75 y el expediente.[9] Ante ello, emitimos una Resolución en la cual le concedimos al licenciado Pérez Román un término de 20 días para que se expresara en torno al Informe y, además, le apercibimos que de no comparecer se allanaría a dicha recomendación.[10]

---

[6] Surge del expediente que el Tribunal de Primera Instancia decretó el archivo del caso, con perjuicio, toda vez que el demandante desistió.

[7] Véase *Contestación a querella*.

[8] Véase *Resolución* del 13 de junio de 2016.

[9] Véase *Informe de la Procuradora General*.

[10] Véase *Resolución* del 13 de septiembre de 2016.

Tras no recibir respuesta, el 27 de enero de 2017, emitimos una Resolución en la cual censuramos enérgicamente al licenciado Pérez Román y le ordenamos lo siguiente: "acredite el pago al quejoso para proceder con el archivo de este asunto". Además, le advertimos que "en el futuro deberá cumplir cabalmente con sus obligaciones éticas".[11]

Ante el incumplimiento del licenciado Pérez Román, el 12 de mayo de 2017, emitimos otra Resolución concediéndole un término final de 15 días para que cumpliera con lo ordenado en la Resolución del 27 de enero de 2017. Además, le apercibimos que si incumplía podría suspendérsele indefinidamente de la profesión de la abogacía.[12] En la referida Resolución ordenamos que ésta fuera notificada personalmente, a través de la Oficina de los Alguaciles del Tribunal Supremo. Surge del expediente que, el 18 de mayo de 2017, el Alguacil a cargo del diligenciamiento se comunicó por teléfono con el licenciado Pérez Román y que éste le informó que ya no residía en Puerto Rico y que su nueva residencia es en Pensilvania. Añadió que, entre enero y febrero de 2017, había notificado a este Tribunal por escrito sobre su salida a los Estados Unidos.[13] Finalmente, indicó que por

---

[11] Véase *Resolución* del 27 de enero de 2017.

[12] Véase *Resolución* del 12 de mayo de 2017.

[13] Véase *Moción en cumplimiento de orden en relación a los últimos pronunciamientos*, del 27 de febrero de 2017, que obra en el expediente personal del abogado.

el momento no tenía planes de regresar a Puerto Rico debido a la crisis fiscal que atraviesa el País. Ante esto, el Alguacil emitió un diligenciamiento negativo.[14] Al momento de emitir este dictamen, el licenciado Pérez Román no ha comparecido.

## AB-2014-0007

El 10 de enero de 2014, se presentó la Queja Núm. AB-2014-0007 en contra del licenciado Pérez Román. En ésta, la quejosa explicó que había contratado los servicios del licenciado Pérez Román para que éste fuera el representante legal de su esposo en un caso de revisión de sentencia y/o un procedimiento ante la Junta de Libertad Bajo Palabra. Específicamente, la quejosa alegó que, a pesar de haberle pagado $860, habían transcurrido 8 meses y el licenciado Pérez Román no había realizado trámite alguno y que no lograba contactarlo. Por ello, solicitó que se le devolvieran los honorarios pagados.

Posteriormente, la entonces Subsecretaria de este Tribunal le envió una carta al licenciado Pérez Román en la cual le informó que debía contestar la queja. A pesar de que el licenciado Pérez Román la recibió, no contestó. Por ello, dicha carta le fue enviada por segunda ocasión. Sin embargo, éste no compareció. Consecuentemente, decidimos notificarle personalmente nuestro requerimiento y, a través de la Resolución emitida el 8 de mayo de 2014, le conferimos un término final de 5 días para que

---

[14] Véase *Informe del alguacil* del 18 de mayo de 2017.

contestara la queja presentada en su contra. Además, se le advirtió que el incumplimiento con lo ordenado en la Resolución podría implicar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la profesión legal. La referida Resolución fue diligenciada personalmente por conducto de la Oficina de los Alguaciles de este Tribunal.

En el ínterin, como mencionáramos, el licenciado Pérez Román fue suspendido indefinidamente del ejercicio de la abogacía y de la notaría, lo que provocó el archivo administrativo de esta queja. No obstante, al ser reinstalado reactivamos la queja que nos concierne.

Como consecuencia de la reactivación de la Queja Núm. AB-2014-0007, el licenciado Pérez Román presentó su contestación. En esencia, el licenciado Pérez Román aceptó que no realizó la labor por la cual se le contrató y que, en efecto, dicho incumplimiento acarreaba la devolución de los honorarios. En cuanto al incumplimiento con tramitar el caso, explicó que como parte de su estrategia estaba esperando el momento oportuno para presentar la correspondiente alegación bajo la teoría correcta. A pesar de ello, reconoció que dicho trámite tardó más de lo esperado. Con relación a la devolución de los honorarios, explicó que la razón por la cual no procedió a devolverlos se debió a la situación económica precaria que enfrentó al ser suspendido de la profesión legal. Por último, el licenciado Pérez Román pidió disculpas y solicitó que se

le permitiera devolver los honorarios dentro del término de 180 días.[15]

Posteriormente, referimos la queja a la entonces Procuradora General para que presentara el informe correspondiente. Conforme a ello, recibimos el Informe de la Procuradora General en el cual se recomendó que el licenciado Pérez Román acreditara el pago de los honorarios dentro de un término razonable, que luego de ello se le censurara y, entonces, se procediera con el archivo de la queja.[16] Consecuentemente, emitimos una *Resolución* en la cual concedimos al licenciado Pérez Román un término de 20 días para que se expresara en torno al Informe y, además, le advertimos que de no comparecer se allanaba a la recomendación expuesta en el Informe.[17]

Tras no recibir respuesta del licenciado Pérez Román, el 4 de abril de 2017 el Procurador General presentó una *Moción informativa* por incumplimiento de orden y de acreditar la devolución de honorarios de abogado. En resumen, el Procurador General expuso que habían pasado más de 6 meses sin que el licenciado Pérez Román se expresara sobre el Informe o acreditara el pago. Por ello, emitimos una Resolución en la cual le concedimos al licenciado Pérez Román 5 días para que acreditara la devolución de los honorarios so pena de sanciones, las

---

[15] Véase *Contestación a queja*, págs. 1-2.

[16] Véase *Informe de la Procuradora General*.

[17] Véase *Resolución* del 21 de septiembre de 2016.

cuales podrían incluir la suspensión del ejercicio de la abogacía.[18]

Aunque surge del expediente que el 16 de mayo de 2017 el licenciado Pérez Román recibió la referida resolución vía correo electrónico no fue hasta el 30 de mayo de 2017 que éste presentó una *Moción en cumplimiento de orden.*[19] No obstante, en la referida moción no acreditó la devolución de los honorarios. Sin embargo, en su comparecencia el licenciado Pérez Román se limita a exponer que actualmente le resulta imposible dar fiel cumplimiento con todos los asuntos pendientes[20] ante este Tribunal debido a su situación económica precaria y no nos solicita una alternativa real ni un término para devolver los honorarios de abogado.[21]

## II

**Incumplimiento con las órdenes emitidas por este Tribunal**

El Código de Ética Profesional dispone las normas mínimas de conducta que rige a los miembros de la

---

[18] Véase *Resolución* del 12 de mayo de 2017.

[19] Destacamos que el Lcdo. Paolo J. Pérez Román compareció fuera del término de 5 días que le fue concedido. La notificación mediante correo postal fue enviada el 17 de mayo de 2017, por lo que tenía hasta el 22 del mismo mes y año para comparecer.

[20] Nótese que el licenciado Pérez Román también tiene pendiente unos requerimientos de la Oficina de Inspección de Notarías y del Programa de Educación Jurídica Continua. Véase, expediente personal del licenciado Pérez Román (TS 15,582).

[21] Es decir, el licenciado Pérez Román solicita que se le permita reconocer la deuda a través de un documento civil en el cual se comprometería a devolver los honorarios. Ello, con el propósito de que la queja sea archivada. Véase *Moción en cumplimiento de orden,* págs.2-3.

profesión legal.[22] A tenor de lo anterior, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece la conducta que los abogados deben observar ante los tribunales. En específico, le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[23] La desatención de las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.[24] Por ello, los abogados tienen una obligación de atender con diligencia nuestras órdenes, obligación que se torna más patente durante los procesos disciplinarios.[25] A su vez, los abogados deben responder diligentemente a los requerimientos de la Oficina de Inspección de Notarías y del Procurador General, puesto que su inobservancia acarrea el mismo efecto que cuando se desatiende una orden emitida por este Foro.[26]

De otra parte, la Regla 9 (j) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B, dispone lo siguiente: "Todo abogado, toda abogada, notarios y notarias tendrán la obligación de mantener actualizados sus datos y realizar cualquier cambio en la información que consta en el Registro Único". Es decir, dicha regla obliga a los abogados a notificar oportunamente cualquier cambio

---

[22] In re Vélez Lugo, 180 DPR 987,985 (2011).

[23] In re López Méndez, 2016 TSPR 248,196 DPR __ (2016).

[24] In re Bryan Picó, 192 DPR 246,251(2015).

[25] In re Bryan Picó, supra.

[26] In re Chardón Dubós, 191 DPR 201,207-208(2014).

de dirección, ya sea física o postal, a la Secretaría de este Tribunal.[27] El incumplimiento con lo anterior podrá conllevar la imposición de sanciones, incluso sanciones de índole disciplinario.[28] Ello, toda vez que incumplir con dicha obligación obstaculiza el ejercicio de nuestra función disciplinaria.[29]

### III

En el caso ante nuestra consideración, a pesar de las múltiples oportunidades y apercibimientos que le concedimos al licenciado Pérez Román durante el trámite de las Quejas AB-2013-0408 y AB-2014-0007, éste ha desplegado una conducta de desatención hacia nuestras órdenes provocando una infracción al Canon 9 del Código de Ética Profesional, *supra*.

Con relación a la Queja Núm. AB-2013-0408, el licenciado Pérez Román no ha comparecido. Sin embargo, es importante destacar que la Resolución del 12 de mayo de 2017 en la que le concedimos un término final de 15 días para comparecer y en la que le apercibimos que de no cumplir se le podría suspender del ejercicio de la abogacía fue diligenciada negativamente. Ello, debido a que cuando el Alguacil a cargo del diligenciamiento personal se comunicó por teléfono con el licenciado Pérez Román éste le indicó que no vivía en Puerto Rico y que ya

---

[27] *In re Toro Soto*, 181 DPR 654, 661 (2011).

[28] *In re Bryan Picó*, supra, pág. 252.

[29] *In re Toro Soto*, 181 DPR 654, 661 (2011).

había notificado a este Tribunal dicha situación mediante moción. Tras examinar el expediente personal del licenciado Pérez Román, pudimos constatar que el 27 de febrero de 2017 informó mediante moción su salida del País. No obstante, éste no informó una dirección, bajo la premisa de que como en su trabajo estaría rotando de establecimientos aún no conocía en qué lugar permanecería. Además, no solicitó un cambio de dirección física ni lo actualizó mediante el RUA. A pesar que en dicha moción indicó que en las próximas 3 semanas tendría conocimiento de la dirección exacta, nada informó relacionado a ello. Así, el licenciado Pérez Román no cumplió con su deber de actualizar su dirección física. Lo anterior, unido a su constante incumplimiento con las promesas realizadas, provocaron una dilación en la tramitación de los procedimientos iniciados en su contra.

De otra parte, en cuanto a la Queja Núm.AB-2014-0007, el licenciado Pérez Román incumplió con su deber de responder oportunamente. Es decir, compareció 8 días después de expirado el término que le fue concedido y, además, no acreditó la devolución de los honorarios. Mediante su comparecencia, el licenciado Pérez Román nos propone reconocer la deuda a través de un documento civil en el que se comprometería a la devolución de los honorarios. Nótese que esto en nada adelanta nuestro requerimiento, toda vez que desde la contestación a la queja el licenciado Pérez Román ya había reconocido la

deuda y prometido pagarla. Así, el licenciado Pérez Román ignoró nuestro requerimiento una vez más.

**IV**

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida del Lcdo. Paolo J. Pérez Román de la práctica de la abogacía.

El licenciado Pérez Román deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de treinta (30) días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia por correo ordinario y por correo electrónico de RUA.

Se dictará sentencia de conformidad.

**EN EL TRIBUNAL SUPREMO DE PUERTO RICO**

In Re:

Paolo J. Pérez Román

|  |  |
|---|---|
| **AB-2013-0408** | **QUEJA** |
| **AB-2014-0007** | |

**SENTENCIA**

San Juan, Puerto Rico, a 20 de julio de 2017.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente al licenciado Paolo J. Pérez Román del ejercicio de la abogacía. Además, se le impone al licenciado Pérez Román el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolver cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, tiene la obligación de acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo