EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Lisa M. Nieves Oslán | 2020 TSPR 74 204 DPR _____ |

Número del Caso:  TS-17,377

Fecha:  17 de julio de 2020

Abogada de la parte peticionaria:

    Por Derecho Propio

Programa de Educación Jurídica Continua:

    Lcda. María Cecilia Molinelli González

Materia:  La suspensión será efectiva el 28 de julio de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lisa M. Nieves Oslán                     TS-17,377


*PER CURIAM*


San Juan, Puerto Rico, a 17 de julio de 2020.

Una vez más nos vemos obligados a suspender inmediata e indefinidamente del ejercicio de la abogacía a una miembro de la profesión legal por incumplir con las órdenes de este Tribunal y los requerimientos del Programa de Educación Jurídica Continua (PEJC). Veamos.

**I**

La Lcda. Lisa M. Nieves Oslán fue admitida al ejercicio de la abogacía el 4 de febrero de 2009.[1] El 12 de abril de 2019, la Directora Ejecutiva del PEJC, Lcda. María C. Molinelli González, compareció

_____

[1] Adviértase que la Lcda. Lisa M. Nieves Oslán nunca ha solicitado la admisión al ejercicio de la notaría.

ante este Tribunal mediante un *Informe sobre incumplimiento con el requisito de educación jurídica continua*. En éste, nos informó que la licenciada Nieves Oslán incumplió con los requisitos del PEJC durante el período de 1 de octubre de 2013 al 30 de septiembre de 2016. Ante esto, el 8 de diciembre de 2016 el PEJC envió a la licenciada Nieves Oslán un *Aviso de Incumplimiento* mediante el cual le concedió un término de 30 días para explicar las razones que justificaban el incumplimiento, así como 60 días concurrentes para que completara los cursos requeridos y pagara la multa por cumplimiento tardío.

Debido al incumplimiento de la licenciada Nieves Oslán, el 20 de febrero de 2019 la Directora Ejecutiva del PEJC recomendó a la Junta de Educación Jurídica Continua del Tribunal Supremo (Junta) remitir el caso ante nuestra consideración. La Junta acogió la recomendación y encomendó a la Directora Ejecutiva del PEJC a presentar el *Informe sobre incumplimiento con el requisito de educación jurídica continua* que nos concierne.

Evaluado el *Informe sobre incumplimiento con el requisito de educación jurídica continua,* el 31 de mayo de 2019 emitimos una Resolución en la que ordenamos a la licenciada Nieves Oslán a que en un término de 20 días compareciera y mostrara causa por la cual no debíamos suspenderla del ejercicio de la abogacía, esto por incumplir

con los cursos requeridos y no comparecer ante el PEJC cuando le fue requerido.[1]

En respuesta, el 24 de junio de 2019 la licenciada Nieves Oslán presentó un escrito intitulado *Moción de causa para no suspender del ejercicio de la profesión*, en el que nos informó que sus compromisos de estudios doctorales le dificultaron comparecer ante el PEJC.  Sin embargo, alegó que durante los meses de junio y julio de 2018 completó las horas requeridas por el PEJC y que, consecuentemente, cumplió con el período por el cual fue referida. No obstante, arguyó que al desconocer cómo operaba el proceso de registro de los cursos no notificó los mismos. Para sustentar lo anterior, incluyó los certificados de los cursos tomados.

Así las cosas, corroboramos dicha información con el PEJC y el 9 de septiembre de 2019 emitimos una Resolución en la que le concedimos un término de 20 días para que cumpliera con los requisitos adeudados. Además, le requerimos que presentara la Certificación de cumplimiento emitida por el PEJC.[2]

Ante el incumplimiento de la licenciada Nieves Oslán, el 24 de enero de 2020, emitimos otra Resolución concediéndole un término final de 20 días para que cumpliera con lo ordenado en la Resolución del 9 de septiembre de 2019. Además, le apercibimos que si incumplía podríamos

---

[1] *Resolución* de 28 de mayo de 2019. Una copia de la notificación de la Resolución se archivó en autos el 31 de mayo de 2019.

[2] *Resolución* de 9 de septiembre de 2019. Una copia de la notificación de la Resolución se archivó en autos el 10 de septiembre de 2019.

ordenar sanciones severas, incluyendo la suspensión de la profesión de la abogacía.[3]

Esta última Resolución fue notificada mediante correo electrónico, según consta en el Registro Único de Abogados (RUA). Trascurrido el término, la licenciada Nieves Oslán no ha comparecido.

## II

**Incumplimiento con las órdenes emitidas por este Tribunal**

El Código de Ética Profesional dispone las normas mínimas de conducta que rigen a los miembros de la profesión legal.[4] El propósito de dicho cuerpo legal es promover el desempeño personal y profesional de los miembros de la profesión legal de acuerdo con los más altos principios de conducta decorosa, lo que, a su vez, resulta en beneficio de la profesión, la ciudadanía y las instituciones de justicia.[5] A tenor de lo anterior, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, establece la conducta que los abogados deben observar ante los tribunales. En específico, le impone al abogado el deber de "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[6]

---

[3] *Resolución* de 24 de enero de 2020. Una copia de la notificación de la Resolución se archivó en autos el 30 de enero de 2020.

[4] In re Vélez Rivera, 199 DPR 587, 591 (2018); In re Marín Serrano, 197 DPR 535, 538 (2017).

[5] In re Espino Valcárcel, 199 DPR 761, 766 (2018).

[6] In re López Méndez, 196 DPR 956, 960-961 (2016).

La desatención de las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales, lo que representa una infracción al Canon 9.[7] Dicha norma también rige la conducta que los abogados deben observar hacia los requerimientos del PEJC.[8]

Acorde a lo anterior, hemos señalado que la actitud de indiferencia a nuestros apercibimientos sobre sanciones disciplinarias constituye causa suficiente para una suspensión inmediata de la práctica de la profesión.[9]

**III**

Luego de evaluar el expediente de la licenciada Nieves Oslán, pudimos constatar mediante la Certificación del PEJC -emitida el 3 de julio de 2020- que la abogada incumplió con 2 períodos, a saber: 1 de octubre de 2013 al 30 de septiembre de 2016 y 1 de octubre de 2016 al 30 de septiembre de 2019. Además, adeuda $150 en multas.

A pesar de las oportunidades concedidas a la licenciada Nieves Oslán, esta ha incumplido con nuestras órdenes, las cuales, a su vez, están relacionadas a su incumplimiento con el PEJC. No podemos permitir que la licenciada Nieves Oslán haya ignorado los requerimientos del PEJC y las Resoluciones emitidas por este Tribunal. Ello

---

[7] In re Bryan Picó, 192 DPR 246, 251 (2015); In re María G. Chévere Mouriño, 2020 TSPR 20, 204 DPR __ (2020).

[8] In re Torres Babilonia, 2019 TSPR 150, 203 DPR __ (2019).

[9] In re Vélez Rivera, supra, pág. 592.

constituye una infracción al Canon 9 del Código de Ética Profesional, *supra*.


### IV

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la Lcda. Lisa M. Nieves Oslán de la práctica de la abogacía.

La licenciada Nieves Oslán deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia a la licenciada Nieves Oslán mediante correo electrónico y por teléfono.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Lisa M. Nieves Oslán

TS-17,377

**SENTENCIA**

San Juan, Puerto Rico, a 17 de julio de 2020.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se ordena la suspensión inmediata e indefinida de la Lcda. Lisa M. Nieves Oslán de la práctica de la abogacía.

La licenciada Nieves Oslán deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolver a éstos los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya recibido por cualquier trabajo no realizado. Además, tendrá la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Finalmente, tendrá que acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

    **Notifíquese** esta Opinión *Per Curiam* y Sentencia a la licenciada Nieves Oslán mediante correo electrónico y por teléfono.

    Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                                    José Ignacio Campos Pérez
                                    Secretario del Tribunal Supremo